```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 2, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TREVOR MURRAY,

            Plaintiff,

  -against-

UBS SECURITIES LLC and UBS AG,

           Defendants.
------------------------------------------------------------x

Civil Action No. 14 Civ. 927 (KPF)

## STIPULATION AND PROTECTIVE ORDER

      This Stipulation is made and entered into by and between Plaintiff Trevor Murray ("Plaintiff") and Defendants UBS Securities LLC and UBS AG (collectively, "UBS" or "Defendants"), by and through their respective counsel, with reference to the following:

      WHEREAS, Plaintiff and Defendants (the "parties") anticipate that discovery in the above-entitled action may involve production or disclosure of documents or information that one or both parties contend contain confidential, private, or proprietary business or personnel information;

      WHEREAS, the parties desire to keep confidential the aforementioned documents, information, or other materials, and at the same time, allow for appropriate discovery under the Federal Rules of Civil Procedure to take place in this action;

      NOW, THEREFORE, the parties hereby stipulate, by and through their respective counsel of record, subject to the approval of the Court, to the following:

      1.    "Discovery Materials" shall be defined as all documents, materials, and information exchanged by the parties or any non-parties in connection with the above-captioned action, including, but not limited to, any written response to interrogatories, requests for admission, requests for production of documents, subpoenas, deposition transcripts, and all

information contained in those materials. Any materials that are part of the public record are not covered by this Stipulation and Protective Order.

2. Any party or non-party may designate as confidential documents, testimony, or other Discovery Materials which the designating party considers in good faith to contain non-public or sensitive commercial, financial, personnel, business, personal, or health information that the party or non-party would not normally reveal to third parties, or would require third parties to maintain in confidence (hereinafter "Confidential Material"). Each document or page of Discovery Material containing Confidential Material shall be marked with the word "CONFIDENTIAL" where feasible.

3. All Discovery Materials produced by any party or non-party in these proceedings, whether or not designated as Confidential Material, except for publicly available documents, shall be used by the non-producing party solely in connection with, and only as necessary to, the preparation and litigation of this action, and not for any other purpose, including without limitation any other litigation or any business, commercial, competitive, or other purpose or function, except as otherwise required or directed by law, court, arbitral tribunal, governmental agency, or self-regulatory agency. In the event any party receives an informal request or is served with a subpoena issued by a court, administrative agency, or self-regulatory organization, calling for the production of documents or discovery responses that have been produced by another party or non-party in these proceedings, whether or not designated as Confidential Material, the non-producing party shall promptly give notice to the producing party and shall allow the producing party sufficient time to seek protection from the appropriate court, administrative agency, or other entity, except as otherwise required or directed by law, court, arbitral tribunal, governmental agency, or self-regulatory agency.

4. The inadvertent failure to mark Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim of confidentiality which may attach to the document. If any party or non-party inadvertently fails to designate any Discovery Material as Confidential Material at the time of production or service of the response, it may notice the receiving party in writing of the claimed inadvertent failure and provide substitute copies of the Discovery Material at issue marked as "CONFIDENTIAL." Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously-unmarked items and all copies thereof.

5. To the extent that Defendants or any non-party in response to a subpoena or other request by Defendants produces Discovery Material that contains Plaintiff's personally identifiable information, financial information, and/or health information and is not marked as "CONFIDENTIAL," Plaintiff may designate the Discovery Material at issue as Confidential Material by notifying the parties in writing. Upon receipt of a notice by Plaintiff designating Discovery Material described in the preceding sentence as confidential, Defendants shall produce substitute copies of the Discovery Material at issue marked as "CONFIDENTIAL" and shall destroy all copies of the Discovery Material at issue that are not marked as "CONFIDENTIAL."

6. The receipt of any Discovery Material designated as Confidential Material or the receipt of a notice that Discovery Material was inadvertently produced without being marked as "CONFIDENTIAL" shall not be construed as an agreement by the receiving party that any such Discovery Material is in fact Confidential Material, and shall not operate as a waiver of the receiving party's right to challenge any such designation as provided herein. If, after a party receives Discovery Materials designated as Confidential Material (or a notice that Discovery Material was inadvertently produced without being marked as "CONFIDENTIAL"), it appears to the receiving party that any such information is not entitled to the designated protection afforded under this Stipulation and Protective Order, such receiving party shall notify counsel of record

for the designating party in writing. Any party who believes that the other party hereunder has inappropriately designated materials as Confidential Material shall make reasonable and diligent efforts to meet and confer with the designating party in an effort to reach an informal resolution to the dispute. If the parties are unable to resolve the objection informally, then the objecting party may move to the Court presiding over this action for an order determining whether the materials are properly designated as Confidential Material. Until the Court rules to the contrary, all materials designated Confidential Material shall be treated as prescribed in this Stipulation and Protective Order.

7. Confidential Material and information containing Confidential Material may be disclosed, given, made available, or communicated only to the following "Authorized Persons" and entities (and then only as described in Paragraph 3):

    a. Plaintiff Trevor Murray;

    b. The outside attorneys designated as counsel of record and working on this action on behalf of any party, and any paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel, including independent contractors providing copying services or litigation support;

    c. Defendants' in-house counsel, insurers, and present or former employees, officers, or directors only if and to the extent that such individuals' review of the Confidential Material is reasonably necessary to assist in the prosecution, defense, or settlement of this litigation;

    d. Officers of the Court and supporting personnel and/or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

e. Mediators, referees, or other neutral designees of the Court or the parties for the purpose of dispute resolution;

f. Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

g. Any person who was expressly named or otherwise identified as an author or recipient of the information contained in the Confidential Material, but if the person is not an employee of the party to which the information belongs, such person may not retain a copy of such information;

h. Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert who is assisting the expert in this litigation; and

i. Any other witnesses or prospective witnesses in this litigation, if and to the extent his or her review of the Confidential Material is reasonably necessary to assist in the prosecution, defense, or settlement of this litigation, provided that such person may not retain a copy of such information.

8. The attorneys of record and all other persons receiving Confidential Material under this Stipulation and Protective Order are responsible for employing reasonable measures, consistent with this Stipulation and Protective Order, to control access to, and the duplication and distribution of, Confidential Material. In the event of a disclosure of Confidential Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Stipulation and Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party

shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Confidential Material is made by anyone.

9. A party may designate as Confidential Material, the whole or a portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Material. The party designating any portion of a deposition as Confidential Material may do so on the record at the deposition or shall serve a written statement on the parties and court reporter specifying the portions of the deposition which are to be designated as Confidential Material within thirty (30) days after receipt of the final deposition transcript. The entire transcript shall be deemed Confidential Material prior to the expiration of the foregoing thirty-day period. Any portion not so designated shall not be entitled to the protections given to Confidential Material under this Stipulation and Protective Order. If a document (or portion of a document) or written response designated as Confidential Material is used as an exhibit at a deposition or otherwise shown to a witness at a deposition, that document (or portion of a document) or written response and the deposition testimony concerning it shall be deemed Confidential Material regardless of whether a party makes any formal designation thereof.

10. A party shall have the right to have persons not designated Authorized Persons as defined in this Stipulation and Protective Order excluded from a deposition before the taking of testimony designated as Confidential Material or the introduction of documents or exhibits designated as Confidential Material.

11. Nothing herein shall prevent any of the parties from using Confidential Material in any trial, hearing, or court conference in this litigation or from seeking further protection with respect to the use of any Confidential Material in any trial, hearing, or court conference in this litigation. Means to preserve the confidentiality of Confidential Material presented at trial, hearing, or court conference shall be considered and implemented in advance of such trial,

hearing or court conference pursuant to the standards set forth by the Court. If Confidential Material is used at a hearing, court conference, or trial, all portions of the transcripts and exhibits thereof which relate to Confidential Material shall be designated and treated pursuant to the terms of this Stipulation and Protective Order, unless the Court orders otherwise.

12. The production of Confidential Material shall not constitute an admission or concession by the producing or designating party that such Confidential Material is relevant or probative of any issue or is admissible at any proceedings for any purpose.

13. Nothing in this Stipulation and Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of Confidential Material produced by that party, except that this paragraph shall not apply to Discovery Material produced by Defendant or a third-party and designated as Confidential Material by Plaintiff pursuant to Paragraph 5.

14. A party who seeks to file with the Court any Confidential Material must file such Confidential Material under seal as authorized or permitted by the Court, in accordance with the procedures described in Judge Failla's Individual Practices, and must remain under seal unless or until the Court orders otherwise.

15. The inadvertent production of privileged or work product protected documents, electronically stored information ("ESI"), or other information is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. If a producing party claims to have inadvertently produced Discovery Material that it believes is privileged, it shall notify the receiving party's counsel in writing, and identify the Discovery Material that it claims is privileged and was inadvertently produced. Upon receipt of notification that Discovery Material claimed to be privileged was inadvertently produced, the receiving party shall immediately return the Discovery Material claimed to be privileged, and any copies thereof, and confirm to the producing party in writing that all electronic copies of the document have been deleted or

otherwise destroyed. The producing party shall update its categorical privilege log to reflect the Discovery Material that it claims is privileged and was inadvertently produced. This paragraph does not constitute a waiver of the receiving party's right to challenge the claim of privilege or of inadvertent production.

16. No later than sixty (60) days from the unappealed or unappealable final resolution or settlement of this action, all Confidential Material within the possession of counsel for a receiving party, shall be delivered to counsel for the producing party; or in lieu thereof, the receiving party shall certify in writing that all such Confidential Material has been destroyed. Nothing however requires counsel of record to return or destroy pleadings, briefs, exhibits, declarations, transcripts, correspondence or attorney and consultant work product that contain or reference Confidential Material.

17. Nothing in this Stipulation and Protective Order shall be deemed to limit, prejudice, or waive any right of the parties: (a) to resist discovery with respect to, or to seek to obtain additional or different protection for, Discovery Materials claimed to be protected work product or privileged under federal or state law, Discovery Materials as to which a party claims a legal obligation not to disclose, or Discovery Materials not required to be provided pursuant to federal or state law; (b) to seek to modify or obtain relief from any aspect of this Stipulation and Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any Discovery Materials, whether or not designated in whole or in part as Confidential Material governed by this Stipulation and Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

18. Third parties who produce information or documents in connection with this action may avail themselves of the protections of this Stipulation and Protective Order.

19. This Stipulation and Protective Order may be modified at any time for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection for specific Discovery Material or seeking termination of the protection provided hereunder for specific Discovery Material.

20. This Stipulation and Protective Order shall survive the termination of this litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed.

21. This Court will retain jurisdiction to the extent necessary to enforce any obligations arising hereunder. The party seeking enforcement may request that the Court award available and appropriate relief.

22. Nothing herein shall be construed to modify any previously existing confidentiality obligations of the parties.

By executing a copy of this Stipulation and Protective Order, each of the attorneys named below and the parties they represent undertake to abide by and be bound by its provisions.

Dated: July 1, 2015

BROACH & STULBERG, LLP

By: _____
Robert B. Stulberg
Amy F. Shulman
One Penn Plaza, Suite 2016
New York, New York 10119
Telephone: 212.268.1000
Facsimile: 212.947.6010

*Attorneys for Plaintiff*

Dated: July 1, 2015     GIBSON, DUNN & CRUTCHER LLP

By: _____
Gabrielle Levin
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: 212.351.3901
Facsimile: 212.351.5301

Eugene Scalia (*Admitted Pro Hac Vice*)
1050 Connecticut Ave., NW
Washington, District of Columbia 20036
Telephone: 202.955.8206
Facsimile: 202.530.9606

*Attorneys for Defendants*

IT IS SO ORDERED.

Dated: __July 2__, 2015    By: _____
Hon. Katherine Polk Failla
United States District Judge

This Stipulation and Order does not bind the Court or its personnel, and the Court retains jurisdiction to enforce the terms of this Stipulation and Order only during the pendency of this litigation.