

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

**MEMO ENDORSED**

September 25, 2017

VIA ECF

The Honorable Katherine Polk Failla
United States District Court
  for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 29, 2017

Re:    Murray v. UBS Securities LLC and UBS AG, Case No. 14 Civ. 0927 (KPF)

Dear Judge Failla:

We represent defendants UBS Securities LLC and UBS AG (collectively, "UBS") in the above-titled action. Pursuant to Rule 3(C) of Your Honor's Individual Practices, defendants respectfully submit this letter to request an order compelling plaintiff to appear for a deposition of no more than three hours on the record, in order to supplement plaintiff's deposition testimony in advance of the December 4 trial.[1]

**Introduction**

This is a dispute between UBS and a former UBS employee, Trevor Murray, regarding his separation from employment in February 2012. Mr. Murray asserts a claim for "whistleblower" retaliation under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. Plaintiff seeks emotional distress damages, among other remedies. He is also required to mitigate his damages.

Trial is scheduled to commence on December 4, 2017. Plaintiff is presumably going to testify at trial regarding the mitigation efforts he has undertaken and the emotional distress he has experienced since his initial deposition, which occurred nearly two years ago. Defendants are entitled to fair notice of what this trial testimony will be, and to that end, are seeking a short deposition in October limited to those topics.

**Discussion**

Under Rule 30 of the Federal Rules of Civil Procedure, a party may take more than one deposition of a witness with leave of court, which must be granted "to the extent consistent with Rule 26(b)(1) and (2)." In deciding whether to grant leave to re-open a deposition to obtain relevant evidence, courts consider "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other

---

[1] The parties telephonically met and conferred on September 15 and September 18, but have been unable to reach a resolution.

opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." *United States v. Prevezon Holdings, Ltd.*, 2017 WL 1116106, at *2 (S.D.N.Y. Feb. 27, 2017).

Courts routinely grant leave for a follow-up deposition in employment cases to update the plaintiff's deposition testimony in advance of trial, especially where an appreciable amount of time has passed since the first deposition and there are ongoing issues of emotional distress or damages mitigation. In *Scelfo v. Aurora Concept, Inc.*, 2006 WL 1329884, at *1 (S.D.N.Y. May 16, 2006), for example, the defendant sought to reopen discovery to allow for "an exploration of plaintiff's efforts to mitigate her damages" during the three years since the close of discovery. Because the plaintiff was "asserting a demand for lost income that would cover" the period between the close of discovery and the commencement of trial, the court granted the defendant leave to reopen the plaintiff's deposition to inquire into the plaintiff's "job searches or actual employment or income earned since the date of her last deposition." *Id.* at *4. The court reasoned that the "defendant [had] a legitimate interest in exploring the extent of [plaintiff's] efforts [to seek new employment] and earnings beyond the small amount of documentation on which plaintiff says she will rely at trial." *Id.*; *see also Juell v. Forest Pharm., Inc.*, 2007 WL 2601414, at *2 (E.D. Cal. Sept. 6, 2007) (permitting defendants to reopen plaintiff's deposition to question plaintiff about a new career that began after the close of discovery); *Tucker v. Housing Auth. of Birmingham Dist.*, 507 F. Supp. 2d 1240, 1279 (N.D. Ala. 2006) (noting that "the court reopened discovery for the limited purpose of conducting refresher depositions on the issues of damages and mitigation"); *Neilson v. Beck*, 1997 WL 136528, at *1 (D. Or. Mar. 20, 1997) ("The court concludes that Beck has demonstrated good cause to reopen discovery, in particular because enough time has passed while this action was on appeal to the Ninth Circuit that evidence concerning damages may have changed. The court also wants the parties to present a well-prepared case with no surprises to the jury so that justice may be better served."). *Cf. Owens v. New York City Hous. Auth.*, 1997 WL 139493, at *1 (S.D.N.Y. Mar. 27, 1997) ("Defendants are also entitled to reopen the deposition of plaintiff for the limited purpose of inquiring into her efforts to find employment subsequent to her termination.").

Mr. Murray was deposed on October 14, 2015, nearly two years ago. Given Mr. Murray's continuing obligation to mitigate his damages, defendants are entitled to testimony regarding plaintiff's post-October 2015 search for employment. And to the extent Mr. Murray intends to seek damages for any emotional distress allegedly occurring after his first deposition, defendants are entitled to question Mr. Murray about that alleged emotional distress.

Defendants are not seeking testimony that is cumulative of the testimony Mr. Murray previously gave. Defendants intend to inquire only about matters that occurred after October 14, 2015, the date on which Mr. Murray was initially deposed. These matters were not—and indeed could not have been—addressed during Mr. Murray's first deposition because they had not yet occurred.

Nor will the burden imposed by the second deposition outweigh its potential benefits. Defendants are seeking advance notice of the testimony that Mr. Murray will give at trial so that they can

prepare their defenses against Mr. Murray's claims. Defendants' request is consistent with the purpose of the pre-trial deposition-discovery rules, which were designed to permit parties to obtain the fullest possible knowledge of the facts and issues so that trial is not "carried on in the dark." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) ("Discovery rules are to be accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts no longer be carried on in the dark."). The burden of another deposition will be minimal given that it will be limited to a maximum of three hours on the record and will only cover a narrow range of new occurrences. *See Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (granting leave for a second deposition where the deposition would not be "unreasonably cumulative since it will be limited to new information and the burden of the continued deposition [was] slight given that it [was] limited to two hours").

For all of these reasons, we respectfully request that the Court issue an Order compelling plaintiff to appear for deposition on a mutually agreeable date in October 2017.

Thank you for your consideration.

Respectfully,

/s/ Gabrielle Levin

Gabrielle Levin

cc: All counsel of record (via ECF)

```
The Court is in receipt of Defendants' application, supra, and
Plaintiff's response dated September 28, 2017.  Defendants'
application is GRANTED.  Defendants will pay the costs of
Plaintiff's travel to and attendance at the deposition as well
as the cost of a court reporter.

Dated:    September 29, 2017         SO ORDERED.
          New York, New York


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```