Robert B. Stulberg (RS 2734)
Amy F. Shulman (AS 3487)
BROACH & STULBERG, LLP
One Penn Plaza, Suite 2601
New York, New York 10119
(212) 268-1000
RStulberg@brostul.com
AShulman@brostul.com

Robert L. Herbst (RH 8851)
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(646) 543-2354
rherbst@herbstlawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – X
                            :

TREVOR MURRAY,           :

                            :    Case No.: 14 Civ. 927 (KPF)

                Plaintiff,     :

                            :    **PLAINTIFF'S PROPOSED**

             v.             :      **JURY CHARGES**

                            :

USB SECURITIES, LLC and USB AG,   :    Trial: December 4, 2017

                            :

              Defendants.    :

                            :

– – – – – – – – – – – – – – – – – – – – – – – X

Plaintiff TREVOR MURRAY respectfully submits the following proposed jury instructions.  Plaintiff respectfully requests that he be permitted to supplement or modify these proposed instructions as may be necessary or appropriate after submission of all the evidence at trial or during an appropriate conference with all Parties and the Court.

## TABLE OF CONTENTS

I.  PRELIMINARY INSTRUCTIONS ................................................................ 1
1.      DUTY OF JURY ........................................................................................ 1
2.      OVERVIEW .............................................................................................. 2
3.      ELEMENT'S OF MR. MURRAY'S SOX CLAIM ................................... 3
4.      ROLE OF JURY ........................................................................................ 5
5.      CONTACT WITH OTHERS ..................................................................... 7
6.      NO TRANSCRIPT AVAILABLE TO JURY ............................................ 8
7.      NOTE TAKING BY JURY ........................................................................ 9
II.  INSTRUCTIONS PRIOR TO DELIBERATION ...................................... 10
8.      JUROR ATTENTIVENESS ..................................................................... 10
9.      ROLE OF THE COURT ........................................................................... 11
10.     JURY TO DISREGARD COURT'S VIEW ............................................. 12
11.     CONDUCT OF COUNSEL ...................................................................... 13
12.     JUROR OATH .......................................................................................... 14
13.     BURDEN OF PROOF - GENERAL ......................................................... 15
14.     BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE .......... 17
15.     BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ........... 19
16.     WHAT IS AND IS NOT EVIDENCE ...................................................... 20
17.     DIRECT AND CIRCUMSTANCIAL EVIDENCE ................................. 22
18.     STIPULATION TO CERTAIN FACTS ................................................... 23
19.     STATEMENTS BY PATIENT TO DOCTOR .......................................... 24
20.     INTERROGATORIES .............................................................................. 25
21.     DEPOSITIONS ........................................................................................ 26
22.     INFERENCES DEFINED ........................................................................ 27
23.     WITNESS CREDIBILITY ....................................................................... 28
24.     BIAS ........................................................................................................ 30
25.     DISCREPANCIES IN TESTIMONY ...................................................... 31
26.     IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ............. 32
27.     EXPERT WITNESSES – GENERALLY .................................................. 33
28.     CONFLICTING EXPERT TESTIMONY ................................................ 34
29.     SINGLE WITNESS ................................................................................. 35
30.     CLAIMS .................................................................................................. 36
31.     ELEMENTS OF MR. MURRAY'S SOX CLAIMS ................................. 38
32.     PROTECTED ACTIVITY [VERDICT SHEET QUESTION 1] ................ 40
33.     CONTRIBUTING FACTOR [VERDICT SHEET QUESTION 2] ............. 43
34.     AFFIRMATIVE DEFENSE [VERDICT SHEET QUESTION 3] .............. 45
35.     DAMAGES [VERDICT SHEET QUESTIONS 4-5] .................................. 46
36.     COMPENSATORY DAMAGES .............................................................. 47
37.     MITIGATION ........................................................................................... 50
38.     PUNITIVE DAMAGES ............................................................................ 51

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1          **I.  PRELIMINARY INSTRUCTIONS**

2     **1.       DUTY OF JURY**

3          Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on

4     the law.

5          These instructions are preliminary instructions to help you understand the principles that

6     apply to civil trials and to help you understand the evidence as you listen to it. You will be

7     allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be

8     taken home and must remain in the jury room when you leave in the evenings. At the end of the

9     trial, I will give you a final set of instructions. It is the final set of instructions which will govern

10    your deliberations.

11         You must not infer from these instructions or from anything I may say or do as indicating

12    that I have an opinion regarding the evidence or what your verdict should be.

13         It is your duty to find the facts from all the evidence in the case. To those facts you will

14    apply the law as I give it to you. You must follow the law as I give it to you whether you agree

15    with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

16    prejudices, or sympathy. That means that you must decide the case solely on the evidence before

17    you. You will recall that you took an oath to do so.

18         In following my instructions, you must follow all of them and not single out some and

19    ignore others; they are all important.

20

1    **2.      OVERVIEW**

2           Trevor Murray, the Plaintiff in this action, claims that Defendants, an investment bank

3    named UBS AG and its subsidiary, UBS Securities, LLC) ("UBS"), violated the whistleblower

4    provisions of the Sarbanes-Oxley Act of 2002 ("SOX"). Before I instruct you as to Mr. Murray's

5    claim, it will be useful for you to understand the purposes of the law at issue.  "Sarbanes-Oxley

6    was enacted to counteract a corporate culture that discourages employees from reporting

7    fraudulent behavior not only to the proper authorities such as the FBI and the SEC, but even

8    internally.  This 'corporate code of silence' not only hampers investigations, but also creates a

9    climate where ongoing wrongdoing can occur with virtual impunity.  The consequences of this

10   corporate code of silence for investors in publicly traded companies, in particular, and for the

11   stock market, in general, are serious and adverse, and they must be remedied."[1]  To address this

12   concern, Congress included in Sarbanes-Oxley certain whistleblower provisions "in order 'to

13   safeguard investors in public companies and restore trust in the financial markets following the

14   collapse of Enron Corporation.'"[2]  These provisions prohibit publicly traded companies from

15   retaliating against whistleblowing employees and provide a civil cause of action against

16   employers that do so.[3]  UBS is a publicly traded company.

17

---

[1]    Sharkey v. J.P. Morgan Chase & Co., No. 10 Civ. 3824, 2011 WL 13526, at *5 (S.D.N.Y. Jan. 14, 2011).

[2]    Murray v UBS Securities LLC and UBS AG, No. 14 Civ. 927, 2017 WL 1498051, at *7 (S.D.N.Y. Apr. 25, 2017)

[3]    Smith v. Psychiatric Sols., Inc., 750 F.3d 1253, 1258-59 (11th Cir. 2014) (citations omitted).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1    **3.      ELEMENT'S OF MR. MURRAY'S SOX CLAIM**

2          To prove his claim for violation of the Sarbanes-Oxley Act of 2002, Mr. Murray must

3    establish by a preponderance of the evidence that:

4          1.    He engaged in protected activity as defined by the Sarbanes-Oxley Act;

5          2.    UBS knew or suspected he engaged in protected activity; and

6          3.    Mr. Murray's protected activity was a contributing factor in his termination.

7          Mr. Murray must establish these elements of his claim by "a preponderance of the

8    evidence."  This burden is less stringent than the "beyond a reasonable doubt" burden that you

9    hear about in criminal cases.  In order to prove a fact by a preponderance of the evidence, a party

10   need only demonstrate that the fact is more likely true than not.

11         The Sarbanes-Oxley Act requires that Mr. Murray present sufficient evidence "to give

12   rise to an inference that the respondent knew or suspected that the employee engaged in

13   protected activity and that the protected activity was a contributing factor in the adverse action."

14   29 C.F.R. § 1980.104 (emphasis added).[4]

15         A "contributing factor" is "any factor which, alone or in connection with other factors,

16   tends to affect in any way the outcome of the decision."  "A plaintiff need not prove that [his]

17   protected activity was the primary motivating factor in [his] termination, or that the employer's

18   articulated reason was pretext in order to prevail."  The contributing factor test is broad and is a

19   relatively low burden for a plaintiff to meet. 18 U.S.C. § 1514A; 29 C.F.R. § 1980.104.[5]

---

[4]    Bechtel v. Administrative Review Bd., United States Dep't of Labor, 710 F.3d 443, 447 (2d Cir. 2013).

[5]    Perez v. Progenics Pharmaceuticals, Inc., 965 F.Supp.2d 353, 366 (S.D.N.Y. 2013) ("The words 'a contributing factor' mean any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision.")

       Trusz v. UBS Realty, 2016 WL 1559563 (D. Conn. 2016) ("Under the contributing factor test, 'an employee's participation in protected activity need only be one factor in the termination decision" to

1

---

violate Sarbanes-Oxley . . . This standard imposes a 'relatively low burden" on Plaintiff." (citing Barker v. UBS AG, 2011 WL 283993, at *4 (D. Conn. 2011).)

<u>Leshinsky v. Telvent GIT</u>, S.A., 942 F.Supp.2d 432, 449-450 (S.D.N.Y. 2013) (same).

<u>Barker v. UBS AG</u>, 888 F.Supp.2d 291, 300 (D.Conn. 2012) ("A plaintiff need not prove that her protected activity was the primary motivating factor in her termination, or that the employer's articulated reason was pretext in order to prevail.")

<u>Fraser v. Fiduciary Trust Co.</u>, Intern., 2005 WL 6328596 (S.D.N.Y. 2005) ("In the absence of caselaw interpreting 18 U.S.C. § 1514A, court's 'look to caselaw applying provisions of other federal whistleblower statutes for guidance . . .." (citing Collins v. Beazer Homes USA, Inc., 334 F.Supp.2d 1365, 1374 (N.D. Ga. 2004) (quoting Marano v. Dep't of Justice, 2 F.3d 1137, 1140 (Fed. Cir. 1993) (stating that under Whistleblower Protection Act, 5 U.S.C. § 1221(e)(1), "[t]his test is specifically intended to overrule existing case law, which requires a whistleblower to prove that his protected conduct was a 'significant', 'motivating', 'substantial', or 'predominant' factor in a personnel action in order to overturn that action.")).

<u>Herrera v. Trabajamos Community Head Start, Inc.</u>, 236 F.Supp.3d 858 (S.D.N.Y. 2017) ("lower courts agree that" contributing factor "means 'any factor which, alone or in connection with other factors, tends to affect in any way the outcome of a decision' . . . It is also clear that a "whistleblower need not demonstrate the existence of a retaliatory motive on the part of the [person(s)] taking the alleged prohibited personnel action in order to establish that [the whistleblower]s] disclosure was a contributing factor to the personnel action.")

<u>4</u>

1  **4.      ROLE OF JURY**

2           As members of the jury, you are the sole and exclusive judges of the facts. You pass upon

3  the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there

4  may be in the testimony. You draw whatever reasonable inferences you decide to draw from the

5  facts as you have determined them, and you determine the weight of the evidence.

6           In determining these issues, no one may invade your province or functions as jurors. In

7  order for you to determine the facts, you must rely upon your own recollection of the evidence.

8  What the lawyers have said in their opening statements, in their closing arguments, in their

9  objections, or in their questions is not evidence. Nor is what I may have said—or what I may say

10  in these instructions—about a fact issue evidence. In this connection, you should bear in mind

11  that a question put to a witness is never evidence, it is only the answer which is evidence. But

12  you may not consider any answer that I directed you to disregard or that I directed struck from

13  the record. Do not consider such answers.

14           Since you are the sole and exclusive judges of the facts, I do not mean to indicate any

15  opinion as to the facts or what your verdict should be. The rulings I have made during the trial

16  are not any indication of my views of what your decision should be as to whether or not the

17  (plaintiff/defendant) has proven his case.

18           I also ask you to draw no inference from the fact that upon occasion I asked questions of

19  certain witnesses. These questions were only intended for clarification or to expedite matters and

20  certainly were not intended to suggest any opinions on my part as to the verdict you should

21  render, or whether any of the witnesses may have been more credible than any other witnesses.

22  You are expressly to understand that the court has no opinion as to the verdict you should render

23  in this case.

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1          As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform

2     the duty of finding the facts without bias or prejudice to any party.  (Instruction 71-3, 4-71

3     Modern Federal Jury Instructions-Civil P 71.01 (2017)).

4

1    **5.        CONTACT WITH OTHERS**

2        Before we start the trial, let me give you a few "rules of the road."

3        First, please do not discuss the case with anyone. This includes discussing the case in

4    person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter,

5    blogging or any Internet chat room, web site or other feature. If you have to tell someone such as

6    your spouse or your employer that you are serving on a jury and that the trial may last as late as

7    [date], that's okay. But when they inevitably ask you what the case is about, please tell them that

8    you are under strict instructions from the judge not to discuss the case. The reason for this,

9    obviously, is that we want you to decide this case solely on the evidence presented in this

10   courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think

11   about the case. If you are asked or approached in any way about your jury service or anything

12   about this case, you should respond that you have been ordered by the judge not to discuss the

13   matter, and you should report the contact to the court as soon as possible.

14       Along the same lines, you should not try to access any information about the case or do

15   research on any issue that arises in the case from any outside source, including dictionaries,

16   reference books, or anything on the Internet. And in the unlikely event you see anything in the

17   media about this case, please turn away and pay it no heed. Your sworn duty is to decide this

18   case solely and wholly on the evidence presented in this courtroom.

19       Finally, please do not discuss the case even among yourselves until all the evidence has

20   been presented and the case has been given to you for your deliberations. The reason for this is

21   that the evidence will be presented one witness and one exhibit at a time, and it is important that

22   you keep an open mind until you have heard all the evidence.  (Instruction 71-15, 4-71 Modern

23   Federal Jury Instructions-Civil P 71.02 (2017)).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1   **6.      NO TRANSCRIPT AVAILABLE TO JURY**

2          During deliberations, you will have to make your decision based on what you recall of

3   the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the

4   testimony as it is given.

5          If at any time you cannot hear or see the testimony, evidence, questions or arguments, let

6   me know so that I can correct the problem.

7

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1   **7.        NOTE TAKING BY JURY**

2          If note-taking is permitted:

3          If you want to take notes during the course of the trial, you may do so. If you do take

4   notes, be sure that your note-taking does not interfere with your listening to and considering all

5   of the evidence. Also, if you take notes, do not discuss them with anyone before or during your

6   deliberations. Your notes are to be used solely to assist you and are not to substitute for your

7   recollection of the evidence in the case. The fact that a particular juror has taken notes entitles

8   that juror's views to no greater weight than those of any other juror and your notes are not to be

9   shown to any other juror during your deliberations. If, during your deliberations, you have any

10  doubt as to any of the testimony, you will be permitted to request that the official trial transcript

11  which is being made of these proceedings be read to you.

12         If note-taking is not permitted:

13         You may not take notes during the trial. The main reason for this is that it is difficult to

14  take notes at the same time you are trying to pay attention to what a witness is saying. In

15  addition, some of you may be better note-takers than others and there is a risk that the jurors who

16  do not take good notes will depend on the notes of the others. The jury system depends on all

17  twelve jurors paying close attention and arriving at a unanimous decision. If, during your

18  deliberations, you have any doubt as to any of the testimony, you will be permitted to request

19  that the official trial transcript which is being made of these proceedings be read to you.

20  (Instruction 71-16, 4-71 Modern Federal Jury Instructions-Civil P 71.02 (2017)).

21

1     ## II.   INSTRUCTIONS PRIOR TO DELIBERATION

2     **8.     JUROR ATTENTIVENESS**

3          Ladies and gentlemen, before you begin your deliberations, I now am going to instruct

4     you on the law. You must pay close attention and I will be as clear as possible.

5          It has been obvious to me and counsel that until now you have faithfully discharged your

6     duty to listen carefully and observe each witness who testified. Your interest never flagged, and

7     you have followed the testimony with close attention.

8          I ask you to give me that same careful attention as I instruct you on the law.  (Instruction

9     71-1, 4-71 Modern Federal Jury Instructions-Civil P 71.01 (2017)).

10

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1   **9.      ROLE OF THE COURT**

2          You have now heard all of the evidence in the case as well as the final arguments of the

3   lawyers for the parties.

4          My duty at this point is to instruct you as to the law. It is your duty to accept these

5   instructions of law and apply them to the facts as you determine them, just as it has been my duty

6   to preside over the trial and decide what testimony and evidence is relevant under the law for

7   your consideration.

8          On these legal matters, you must take the law as I give it to you. If any attorney has stated

9   a legal principle different from any that I state to you in my instructions, it is my instructions that

10  you must follow.

11         You should not single out any instruction as alone stating the law, but you should

12  consider my instructions as a whole when you retire to deliberate in the jury room.

13         You should not, any of you, be concerned about the wisdom of any rule that I state.

14  Regardless of any opinion that you may have as to what the law may be—or ought to be—it

15  would violate your sworn duty to base a verdict upon any other view of the law than that which I

16  give you.  (Instruction 71-2, 4-71 Modern Federal Jury Instructions-Civil P 71.01 (2017)).

17

1   **10.     JURY TO DISREGARD COURT'S VIEW**

2           I have not expressed nor have I intended to intimate any opinion as to which witnesses

3   are or are not worthy of belief, what facts are or are not established, or what inference or

4   inferences should be drawn from the evidence. If any expression of mine has seemed to indicate

5   an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the

6   exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the

7   witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with

8   sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In

9   making your determination of the facts in this case, your judgment must be applied only to that

10  which is properly in evidence. Arguments of counsel are not in evidence, although you may give

11  consideration to those arguments in making up your mind on what inferences to draw from the

12  facts which are in evidence.

13          From time to time the court has been called upon to pass upon the admissibility of certain

14  evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You

15  have no concern with the reasons for any such rulings and you are not to draw any inferences

16  from them. Whether offered evidence is admissible is purely a question of law in the province of

17  the court and outside the province of the jury. In admitting evidence to which objection has been

18  made, the court does not determine what weight should be given to such evidence, nor does it

19  pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely

20  and entirely, any evidence which has been ruled out of the case by the court, and you will refrain

21  from speculation or conjecture or any guesswork about the nature or effect of any colloquy

22  between court and counsel held out of your hearing or sight.  (Instruction 71-5, 4-71 Modern

23  Federal Jury Instructions-Civil P 71.01 (2017)).

1    **11.      CONDUCT OF COUNSEL**

2          It is the duty of the attorney on each side of a case to object when the other side offers

3    testimony or other evidence which the attorney believes is not properly admissible. Counsel also

4    have the right and duty to ask the court to make rulings of law and to request conferences at the

5    side bar out of the hearing of the jury. All those questions of law must be decided by me, the

6    court. You should not show any prejudice against an attorney or his client because the attorney

7    objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury

8    or asked the court for a ruling on the law.

9          As I already indicated, my rulings on the admissibility of evidence do not, unless

10   expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are

11   the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

12   (Instruction 71-6, 4-71 Modern Federal Jury Instructions-Civil P 71.01 (2017)).

13

1   **12.      JUROR OATH**

2          In determining the facts, you are reminded that you took an oath to render judgment

3   impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence

4   in the case and the applicable law. I know that you will do this and reach a just and true verdict.

5   (Instruction 71-4, 4-71 Modern Federal Jury Instructions-Civil P 71.01 (2017)).

6

1    **13.    BURDEN OF PROOF - GENERAL**

2        To help you follow the evidence, I will give you a brief summary of the positions of the

3    parties:

4        The Plaintiff, Trevor Murray, claims that, while he was employed by Defendants, he

5    engaged in activity protected by the Sarbanes-Oxley Act of 2002 and that this protected activity

6    was a contributing factor in Defendants' termination of his employment.  More specifically, Mr.

7    Murray claims that he complained to his superiors that he was being pressured by UBS

8    executives to skew and chill his independent research and that he resisted that pressure, which he

9    reasonably believed was unlawful. Plaintiff contends that his complaints and acts of resistance

10   contributed to his termination.  The Defendants, UBS AG, and its subsidiary UBS Securities,

11   LLC, deny that Mr. Murray engaged in protected activity and contend that they would have

12   terminated Mr. Murray's employment in the absence of the protected activity, solely because Mr.

13   Murray supported a business area, namely Commercial Mortgage Backed Securities ("CMBS"),

14   that Defendants contend was likely to be less profitable than other areas of Defendants'

15   Investment Bank.

16       This is a civil case and, as such, the plaintiff has the burden of proving the material

17   allegations of his complaint by a preponderance of the evidence, which I will explain to you in a

18   moment.

19       If, after considering all of the evidence, you find that Plaintiff has met his burden of

20   proving that he engaged in protected activity and that  his protected activity was a contributing

21   factor in Defendants' decision to terminate Plaintiff's employment, you will then proceed to

22   consider Defendants' affirmative defense that they would have terminated plaintiff's

23   employment even if Plaintiff had not engaged in protected activity, solely because Mr. Murray

1   supported a business area, namely Commercial Mortgage Backed Securities ("CMBS"), that

2   Defendants contend was likely to be less profitable than other areas of Defendants' Investment

3   Bank.  On this issue, the Defendant bears the burden of proving all the elements of its affirmative

4   defense by clear and convincing evidence, which I will explain to you shortly.

5          If you determine that the Defendants have sustained their burden of establishing their

6   affirmative defense by clear and convincing evidence, then you should proceed no further, and

7   your verdict must be for the Defendants. If, however, you find that the plaintiff has sustained his

8   burden of established the essential elements of his case by a preponderance of the evidence, and

9   that Defendants have not sustained their burden of establishing their affirmative defense by clear

10  and convincing evidence, then your verdict must be for the Plaintiff, and you should proceed to

11  consider the issue of damages.  (Instruction 73-1, 4-73 Modern Federal Jury Instructions-Civil P

12  73.01 (2017)) (modified).

13

1   **14.      BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2           The plaintiff has the burden of proving every disputed element of his claim to you by a

3   preponderance of the evidence. What does a "preponderance of evidence" mean? To establish a

4   fact by a preponderance of the evidence means to prove that the fact is more likely true than not

5   true. A preponderance of the evidence means the greater weight of the evidence. It refers to the

6   quality and persuasiveness of the evidence, not to the number of witnesses or documents. In

7   determining whether a claim has been proved by a preponderance of the evidence, you may

8   consider the relevant testimony of all witnesses, regardless of who may have called them, and all

9   the relevant exhibits received in evidence, regardless of who may have produced them.

10          If you find that the credible evidence on a given issue on plaintiff's claim is evenly

11  divided between the parties—that it is equally probable that one side is right as it is that the other

12  side is right—then you must decide that issue against the plaintiff. That is because the party

13  bearing this burden must prove more than simple equality of evidence—he must prove the

14  element at issue by a preponderance of the evidence. On the other hand, the party with this

15  burden of proof need prove no more than a preponderance. So long as you find that the scales tip,

16  however slightly, in favor of the party with this burden of proof—that what the party claims is

17  more likely true than not true—then that element will have been proved by a preponderance of

18  evidence.

19          Some of you may have heard of proof beyond a reasonable doubt, which is the proper

20  standard of proof in a criminal trial. That requirement does not apply to a civil case such as this

21  and you should put it out of your mind.  When a party has the burden of proof on any claim by a

22  preponderance of the evidence, it means you must be persuaded by the evidence that the claim is

1     more probably true than not true.  (Instruction 73-2, 4-73 Modern Federal Jury Instructions-Civil

2     P 73.01 (2017)) (modified).

3

1     **15.    BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

2         If you find that plaintiff has met his burden of proof of establishing the elements of his

3   claim by a preponderance of the evidence, then you will consider UBS's affirmative defense.  On

4   that defense, UBS has the burden of proving all the elements of its claim on that issue to you by

5   clear and convincing evidence.  If you conclude that UBS has failed to establish its claim by

6   clear and convincing evidence, you must decide against UBS on that defense.

7         What does "clear and convincing evidence" mean? Clear and convincing evidence is a

8   more exacting standard than proof by a preponderance of the evidence, where you need believe

9   only that a party's claim is more likely true than not true. On the other hand, "clear and

10   convincing" proof is not as high a standard as the burden of proof applied in criminal cases,

11   which is proof beyond a reasonable doubt.

12         Clear and convincing proof leaves no substantial doubt in your mind. It is proof that

13   establishes in your mind, not only the proposition at issue is probable, but also that it is highly

14   probable. It is enough if the party with the burden of proof establishes his claim beyond any

15   "substantial doubt"; he does not have to dispel every "reasonable doubt."

16         In determining whether a claim has been proved by clear and convincing evidence, you

17   may consider the relevant testimony of all witnesses, regardless of who may have called them,

18   and all the relevant exhibits received in evidence, regardless of who may have produced them.)

19   (Instruction 73-2, 4-73 Modern Federal Jury Instructions-Civil P 73.01 (2017)).

20

1   **16.      WHAT IS AND IS NOT EVIDENCE**

2          The evidence in this case is the sworn testimony of the witnesses, the exhibits received in

3   evidence, stipulations, and judicially noticed facts.

4          By contrast, the questions of the lawyers are not to be considered by you as evidence. It is

5   the witnesses' answers that are evidence, not the questions. At times, a lawyer may have

6   incorporated into a question a statement which assumed certain facts to be true, and asked the

7   witness if the statement was true. If the witness denied the truth of a statement, and if there is no

8   direct evidence in the record proving that assumed fact to be true, then you may not consider it to

9   be true simply because it was contained in the lawyer's question.

10         The famous example of this is the lawyer's question of a married witness: "When did you

11  stop beating your wife?" You would not be permitted to consider as true the assumed fact that he

12  ever beat his wife, unless the witness himself indicated he had, or unless there was some other

13  evidence in the record that he had beaten his wife.

14         Testimony that has been stricken or excluded is not evidence and may not be considered

15  by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—

16  such as for the purpose of assessing a witness's credibility—you must follow the limiting

17  instructions I have given.

18         Arguments by lawyers are not evidence, because the lawyers are not witnesses. What

19  they have said to you in their opening statements and in their summations is intended to help you

20  understand the evidence to reach your verdict. However, if your recollection of the facts differs

21  from the lawyers' statements, it is your recollection which controls.

1          To constitute evidence which may be considered by you, exhibits must be received in

2    evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials

3    brought forth only to refresh a witness' recollection.

4          Finally, statements which I may have made concerning the quality of the evidence do not

5    constitute evidence.

6          It is for you alone to decide the weight, if any, to be given to the testimony you have

7    heard and the exhibits you have seen.  (Instruction 74-1, 4-74 Modern Federal Jury Instructions-

8    Civil P 74.01 (2017)).

9

1    **17.      DIRECT AND CIRCUMSTANCIAL EVIDENCE**

2          There are two types of evidence which you may properly use in reaching your verdict.

3          One type of evidence is direct evidence. Direct evidence is when a witness testifies about

4    something he knows by virtue of his own senses—something he has seen, felt, touched, or heard.

5    Direct evidence may also be in the form of an exhibit when the fact to be proved is its present

6    existence or condition.

7          The other type of evidence is circumstantial evidence. This is evidence which tends to

8    prove a disputed fact by proof of other facts. There is a simple example of circumstantial

9    evidence which is often used in this courthouse.

10         Assume that when you came into the courthouse this morning the sun was shining and it

11   was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

12   As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a

13   few minutes later another person also entered with a wet umbrella. Now, you cannot look outside

14   of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence

15   of that fact. But on the combination of facts which I have asked you to assume, it would be

16   reasonable and logical for you to conclude that it had been raining.

17         That is all there is to circumstantial evidence. You infer on the basis of reason and

18   experience and common sense from one established fact the existence or non-existence of some

19   other fact.

20         Circumstantial evidence is of no less value than direct evidence; for, it is a general rule

21   that the law makes no distinction between direct evidence and circumstantial evidence but

22   simply requires that your verdict must be based on all the evidence presented. (Instruction 74-2,

23   4-74 Modern Federal Jury Instructions-Civil P 74.01 (2017)).

24

1  **18.      STIPULATION TO CERTAIN FACTS**

2          The parties have agreed to certain facts that were read to you.  You should therefor treat

3  these facts as having been proved.

4

1    **19.      STATEMENTS BY PATIENT TO DOCTOR**

2           You have heard the testimony of two psychiatrists concerning statements made by Mr.

3    Murray for the purpose of facilitating psychiatric diagnosis. These statements included

4    descriptions of Mr. Murray's history and symptoms and the general cause of his mental and

5    emotional condition. You may consider these statements as evidence of the facts stated. It is up

6    to you, the jury, to decide what weight, if any, to give these statements, just as you would any

7    other evidence.  (Instruction 74-5, 4-74 Modern Federal Jury Instructions-Civil P 74.05 (2017))

8    (modified).

9

1    **20.        INTERROGATORIES**

2          You have heard and seen evidence in this case which is in the form of interrogatories.

3          Interrogatories are written questions posed by one side which call for written answers

4    under oath from the other side. Both the questions and answers are made prior to trial after the

5    case has begun in what is called pretrial discovery, and each side is entitled to seek such

6    discovery from the other.

7          You may consider a party's answers to interrogatories as evidence against a party who

8    made the answer, just as you would any other evidence which has been admitted in this case.

9          In this regard, you are not required to consider a party's answers to interrogatories as

10   true, nor are you required to give them more weight than any other evidence. It is up to you to

11   determine what weight, if any, should be given to the interrogatory answers which have been

12   admitted as evidence.  (Instruction 74-13, 4-74 Modern Federal Jury Instructions-Civil P 74.07

13   (2017)).

14

1    **21.      DEPOSITIONS**

2          Some of the testimony before you is in the form of depositions which have been received

3    in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side

4    may question a witness or an adversary party under oath before a court stenographer. This is part

5    of the pretrial discovery, and each side is entitled to take depositions. You may consider the

6    testimony of a witness given at a deposition according to the same standards you would use to

7    evaluate the testimony of a witness given at trial.  (Instruction 74-14, 4-74 Modern Federal Jury

8    Instructions-Civil P 74.07 (2017)).

9

1    **22.     INFERENCES DEFINED**

2        During the trial you have heard the attorneys use the term "inference," and in their

3    arguments they have asked you to infer, on the basis of your reason, experience, and common

4    sense, from one or more established facts, the existence of some other fact.

5        An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a

6    disputed fact exists on the basis of another fact which has been shown to exist.

7        There are times when different inferences may be drawn from facts, whether proved by

8    direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the

9    defense asks you to draw another. It is for you, and you alone, to decide what inferences you will

10   draw.

11        The process of drawing inferences from facts in evidence is not a matter of guesswork or

12   speculation. An inference is a deduction or conclusion which you, the jury, are permitted to

13   draw—but not required to draw—from the facts which have been established by either direct or

14   circumstantial evidence. In drawing inferences, you should exercise your common sense.

15        So, while you are considering the evidence presented to you, you are permitted to draw,

16   from the facts which you find to be proven, such reasonable inferences as would be justified in

17   light of your experience. (Instruction 75-1, 4-74 Modern Federal Jury Instructions-Civil P 75.01

18   (2017)).

19

1    **23.    WITNESS CREDIBILITY**

2    You have had the opportunity to observe all of the witnesses. It is now your job to decide

3    how believable each witness was in his or her testimony. You are the sole judges of the

4    credibility of each witness and of the importance of his or her testimony.

5    It must be clear to you by now that you are being called on to resolve various factual

6    issues raised by the parties in the face of very different pictures painted by both sides. (If

7    applicable: It must also be obvious to you that both sides cannot be true and this is where you

8    play your role as jurors.) In making these judgments, you should carefully scrutinize all of the

9    testimony of each witness, the circumstances under which each witness testified, and any other

10    matter in evidence that may help you decide the truth and the importance of each witness's

11    testimony.

12    How do you determine where the truth lies? You watched each witness testify.

13    Everything a witness said or did on the witness stand counts in your determination. How did the

14    witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and

15    edgy as if hiding something? How did the witness appear; what was his or her demeanor—that

16    is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not

17    what a person says but how he or she says it that moves us.

18    You should use all the tests for truthfulness that you would use in determining matters of

19    importance to you in your everyday life. You should consider any bias or hostility the witness

20    may have shown for or against any party as well as any interest the witness has in the outcome of

21    the case. You should consider the opportunity the witness had to see, hear, and know the things

22    about which he or she testified, the accuracy of the witness's memory, the witness's candor or

23    lack of candor, the witness's intelligence, the reasonableness and probability of the witness's

1    testimony and its consistency or lack of consistency and its corroboration or lack of

2    corroboration with other credible testimony.

3         In other words, what you must try to do in deciding credibility is to size a witness up in

4    light of his or her demeanor, the explanations given, and all of the other evidence in the case.

5    Always remember that you should use your common sense, your good judgment, and your own

6    life experience.  (Instruction 76-1, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017))

7         In considering the testimony of any witness, you may take into account:

8         1.   the opportunity and ability of the witness to see or hear or know the things

9              testified to;

10        2.   the witness's memory;

11        3.   the witness's manner while testifying;

12        4.   the witness's interest in the outcome of the case and any bias or prejudice;

13        5.   whether other evidence contradicted the witness's testimony;

14        6.   the reasonableness of the witness's testimony in light of all the evidence; and

15        7.   any other factors that bear on believability.

16        The weight of the evidence as to a fact does not necessarily depend on the number of

17   witnesses who testify about it.

18

1   **24.     BIAS**

2          In deciding whether to believe a witness, you should specifically note any evidence of

3   hostility or affection that the witness may have towards one of the parties. Likewise, you should

4   consider evidence of any other interest or motive that the witness may have in cooperating with a

5   particular party.

6          It is your duty to consider whether the witness has permitted any such bias or interest to

7   color his or her testimony. In short, if you find that a witness is biased, you should view his

8   testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

9   (Instruction 76-2, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017)).

10

1    **25.      DISCREPANCIES IN TESTIMONY**

2          You have heard evidence of discrepancies in the testimony of certain witnesses, and

3    counsel have argued that such discrepancies are a reason for you to reject the testimony of those

4    witnesses.

5          You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's

6    testimony. On the other hand, discrepancies in a witness's testimony or between his or her

7    testimony and that of others do not necessarily mean that the witness's entire testimony should

8    be discredited.

9          People sometimes forget things and even a truthful witness may be nervous and

10   contradict himself. It is also a fact that two people witnessing an event will see or hear it

11   differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail

12   should be considered in weighing its significance; but a willful falsehood always is a matter of

13   importance and should be considered seriously.

14         It is for you to decide, based on your total impression of the witness, how to weigh the

15   discrepancies in his or her testimony. You should, as always, use common sense and your own

16   good judgment.  (Instruction 76-4, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017)).

17

1 **26.     IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

2      You have heard evidence that at some earlier time the witness has said or done something

3 that counsel argues is inconsistent with the witness's trial testimony.

4      Evidence of a prior inconsistent statement is not to be considered by you as affirmative

5 evidence in determining liability. Evidence of a prior inconsistent statement was placed before

6 you for the more limited purpose of helping you decide whether to believe the trial testimony of

7 the witness who contradicted himself. If you find that the witness made an earlier statement that

8 conflicts with his trial testimony, you may consider that fact in deciding how much of his trial

9 testimony, if any, to believe.

10      In making this determination, you may consider whether the witness purposely made a

11 false statement or whether it was an innocent mistake; whether the inconsistency concerns an

12 important fact, or whether it had to do with a small detail; whether the witness had an

13 explanation for the inconsistency, and whether that explanation appealed to your common sense.

14      It is exclusively your duty, based on all the evidence and your own good judgment, to

15 determine whether the prior statement was inconsistent, and if so how much, if any, weight to

16 give to the inconsistent statement in determining whether to believe all or part of the witness's

17 testimony.  (Instruction 76-5, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017)).

18

1 **27.     EXPERT WITNESSES – GENERALLY**

2         In this case, I have permitted certain witnesses to express their opinions about matters

3 that are in issue. A witness may be permitted to testify to an opinion on those matters about

4 which he or she has special knowledge, skill, experience, and training. Such testimony is

5 presented to you on the theory that someone who is experienced and knowledgeable in the field

6 can assist you in understanding the evidence or in reaching an independent decision on the facts.

7         In weighing this opinion testimony, you may consider the witness's qualifications, his or

8 her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily

9 apply when you are deciding whether or not to believe a witness's testimony. You may give the

10 opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this

11 case. You should not, however, accept opinion testimony merely because I allowed the witness

12 to testify concerning his or her opinion. Nor should you substitute it for your own reason,

13 judgment, and common sense. The determination of the facts in this case rests solely with you.

14 (Instruction 76-9, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017)).

15

1   **28.     CONFLICTING EXPERT TESTIMONY**

2        You have heard testimony of two witnesses who were called by each side to give their

3   opinion about whether Mr. Murray suffered mental and emotional harm from what he claims in

4   this case was his unlawful termination.

5        The witnesses who testified in this case did so in order to assist you in reaching a

6   decision on those issues.

7        The testimony of these witnesses is in conflict. They disagree. You must remember that

8   you are the sole trier of the facts and their testimony relates to a question of fact—that is, [insert

9   fact in issue]; so, it is your job to resolve the disagreement.

10        The way you resolve the conflict between these witnesses is the same way that you

11   decide other fact questions and the same way you decide whether to believe ordinary witnesses.

12   In addition, because they gave their opinions, you should consider the soundness of each

13   opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

14        You may give the testimony of each of these witnesses such weight, if any, that you think

15   it deserves in the light of all the evidence. You should not permit a witness's opinion testimony

16   to be a substitute for your own reason, judgment, and common sense.

17        You may reject the testimony of any opinion witness in whole or in part, if you conclude

18   the reasons given in support of an opinion are unsound or, if you, for other reasons, do not

19   believe the witness. The determination of the facts in this case rests solely with you.  (Instruction

20   76-10, 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2017)).

21

1 **29.     SINGLE WITNESS**

2        The testimony of a single witness which produces in your mind belief in the likelihood of

3 truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such

4 testimony, even though a number of witnesses may have testified to the contrary if, after

5 consideration of all the evidence in the case, you hold greater belief in the accuracy and

6 reliability of the one witness.  (Devitt and Blackmar, § 72.15)

7

1    **30.    CLAIMS**

2         Trevor Murray, the Plaintiff in this action, alleges that Defendants retaliated against him

3    in violation of the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"). Before

4    I instruct you as to Mr. Murray's claim, it will be useful for you to understand the purposes of

5    the law at issue.  The Sarbanes-Oxley Act was enacted in order "to safeguard investors in public

6    companies and restore trust in the financial markets following the collapse of the Enron

7    Corporation."[6] The Act "creates a whistleblower provision designed "to combat what Congress

8    identified as a corporate culture, supported by law, that discourages employees from reporting

9    fraudulent behavior not only to the proper authorities [such as the FBI and the SEC] but even

10   internally."[7]  This 'corporate code of silence' not only hampers investigations, but also creates a

11   climate where ongoing wrongdoing can occur with virtual impunity.  The consequences of this

12   corporate code of silence for investors in publicly traded companies, in particular, and for the

13   stock market, in general, are serious and adverse, and they must be remedied."[8]  Accordingly, the

14   Act "protects employees when they take lawful acts to disclose information or otherwise assist in

15   detecting and stopping actions that they reasonably believe to be fraudulent."[9]  These provisions

16   prohibit publicly traded companies from retaliating against whistleblowing employees and

---

[6]    Murray v UBS Securities LLC and UBS AG, No. 14 Civ. 927, 2017 WL 1498051, at *7 (S.D.N.Y. Apr. 25, 2017), citing Lawson v. FMR LLC, 134 S.Ct. 1158, 1162 (2014).

[7]    Id.

[8]    Sharkey v. J.P. Morgan Chase & Co., No. 10 Civ. 3824, 2011 WL 13526, at *5 (S.D.N.Y. Jan. 14, 2011).

[9]    Murray v UBS Securities LLC and UBS AG, No. 14 Civ. 927, 2017 WL 1498051, at *7 (S.D.N.Y. Apr. 25, 2017), citing Bechtel v. Admin. Review Bd., U.S. Dep't of Labor, 710 F.3d 443, 446-47 (2d Cir. 2013).

1   provide a civil cause of action against employers that do so.[10]   UBS is a publicly traded

2   company.

3

---

[10]   <u>Smith v. Psychiatric Sols., Inc.</u>, 750 F.3d 1253, 1258-59 (11th Cir. 2014) (citations omitted).

1  **31.    ELEMENTS OF MR. MURRAY'S SOX CLAIMS**

2        To prove his claim for violation of the Sarbanes-Oxley Act of 2002, Mr. Murray must

3  establish two facts by a preponderance of the evidence:

4              1.    that he engaged in protected activity as defined by the Sarbanes-Oxley Act; and

5              2.    that his protected activity was a contributing factor in his termination.

6        This burden is less stringent than the "beyond a reasonable doubt burden that you hear

7  about in criminal cases, and it is less stringent than the "clear and convincing" burden I will tell

8  you about shortly.  In order to prove a fact by a preponderance of the evidence, a party need only

9  demonstrate that the fact is more likely true than not.

10       18 U.S.C. § 1514A requires that Mr. Murray present sufficient evidence "to give rise to

11 an inference that [UBS] knew or suspected that its employee [Mr. Murray] engaged in protected

12 activity and that the protected activity was a contributing factor in the adverse action." 29 C.F.R.

13 § 1980.104 (emphasis added).[11]

14       A "contributing factor" is "any factor which, alone or in connection with other factors,

15 tends to affect in any way the outcome of the decision."  "A plaintiff need not prove that [his]

16 protected activity was the primary motivating factor in [his] termination, or that the employer's

17 articulated reason was pretext in order to prevail."  The contributing factor test is broad and is a

18 relatively low burden for a plaintiff to meet. 18 U.S.C. § 1514A; 29 C.F.R. § 1980.104.[12]

---

[11]   Bechtel v. Administrative Review Bd., United States Dep't of Labor, 710 F.3d 443, 447 (2d Cir. 2013).

[12]   Perez v. Progenics Pharmaceuticals, Inc., 965 F.Supp.2d 353, 366 (S.D.N.Y. 2013) ("The words 'a contributing factor' mean any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision.")

    Trusz v. UBS Realty, 2016 WL 1559563 (D. Conn. 2016) ("Under the contributing factor test, 'an employee's participation in protected activity need only be one factor in the termination decision" to violate Sarbanes-Oxley . . . This standard imposes a 'relatively low burden' on Plaintiff." (citing Barker v. UBS AG, 2011 WL 283993, at *4 (D. Conn. 2011).)

1

---

Leshinsky v. Telvent GIT, S.A., 942 F.Supp.2d 432, 449-450 (S.D.N.Y. 2013) (same).

Barker v. UBS AG, 888 F.Supp.2d 291, 300 (D.Conn. 2012) ("A plaintiff need not prove that her protected activity was the primary motivating factor in her termination, or that the employer's articulated reason was pretext in order to prevail.")

Fraser v. Fiduciary Trust Co., Intern., 2005 WL 6328596 (S.D.N.Y. 2005) ("In the absence of caselaw interpreting 18 U.S.C. § 1514A, court's 'look to caselaw applying provisions of other federal whistleblower statutes for guidance . . ." (citing Collins v. Beazer Homes USA, Inc., 334 F.Supp.2d 1365, 1374 (N.D. Ga. 2004) (quoting Marano v. Dep't of Justice, 2 F.3d 1137, 1140 (Fed. Cir. 1993) (stating that under Whistleblower Protection Act, 5 U.S.C. § 1221(e)(1), "[t]his test is specifically intended to overrule existing case law, which requires a whistleblower to prove that his protected conduct was a 'significant', 'motivating', 'substantial', or 'predominant' factor in a personnel action in order to overturn that action.")))

Herrera v. Trabajamos Community Head Start, Inc., 236 F.Supp.3d 858 (S.D.N.Y. 2017) ("lower courts agree that" contributing factor "means 'any factor which, alone or in connection with other factors, tends to affect in any way the outcome of a decision' . . . It is also clear that a "whistleblower need not demonstrate the existence of a retaliatory motive on the part of the [person(s)] taking the alleged prohibited personnel action in order to establish that [the whistleblower]s] disclosure was a contributing factor to the personnel action.")

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1 **32.     PROTECTED ACTIVITY [VERDICT SHEET QUESTION 1]**

2         You must first decide whether Mr. Murray engaged in protected activity.  An employee

3 engage in protected activity under the Sarbanes Oxley Act if he provides information or makes a

4 disclosure to a person with supervisory responsibility over the employer regarding any conduct

5 which the employee reasonably believes constitutes:

6         1.   Potential mail fraud;

7         2.  Potential wire fraud;

8         3.  Potential bank fraud:

9         4.  Potential securities fraud.

10        5.  A potential violation of any rule or regulation of the Securities and Exchange

11             Commission ("SEC"); or

12        6.  A potential violation of any provision of Federal law relating to fraud against

13             shareholders.

14        To establish that he had a reasonable belief, Mr. Murray must prove by a preponderance

15 of the evidence both:

16        1.  That he subjectively – that is, personally and in good faith - believed that the

17             conduct he complained of – "efforts to pressure him into publishing biased and

18             inaccurate, but ostensibly independent reports touching on the CMBS securities

19             market, were a violation of federal securities laws and regulations";[13] and

20        2.  That his belief that those efforts to pressure him were a violation of federal

21             securities laws and regulations were "objectively reasonable.".  Whether a belief

22             is objectively reasonable is evaluated based on what a reasonable person in his

---

[13]     Murray v UBS Securities LLC and UBS AG, No. 14 Civ. 927, 2017 WL 1498051, at *10 (S.D.N.Y. Apr. 25, 2017).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1        position (i.e., with the same training and experience) would have believed that the

2        conduct constituted a violation.[14]

3    Note that the employee does not have to prove that any law or regulation was actually

4  violated; SOX protects employees who are mistaken in their belief, so long as the belief is

5  reasonable.[15]  It is sufficient for a plaintiff to show that he reasonably believed, based on the

6  knowledge available to him, considering his training and the circumstances, that federal law was

7  potentially being violated or might be violated in the future.[16]  The Sarbanes-Oxley Act is

---

[14]  Nielsen v. AECOM Technology Group, 762 F.3d 214, 221 (2nd Cir. 2014) ("A reasonable belief contains both subject and objective components . . . That is to say, a plaintiff must not only show that he believed that the conduct constituted a violation, but also a reasonable person in his position would have believed that the conduct constituted a violation."); Leshinsky v. Telvent GIT, S.A., 942 F.Supp.2d 432, 444 (S.D.N.Y. 2013) ("In assessing the reasonableness of a plaintiff's belief . . . courts look to the bases of the knowledge available to a reasonable person in the circumstances with the employee's training and experience." (citing Sharkey v. J.P. Morgan Chase, 2011 WL 135026 at *6 (S.D.N.Y. 2011). Sharkey v. J.P. Morgan Chase & Co., 2011 WL 135026 at *7 (S.D.N.Y. 2011) ("The [reasonable person] threshold is intended to include all good faith and reasonable reporting of fraud, and there should be no presumption that reporting is otherwise, absent specific evidence."

[15]  18 U.S.C. § 1514A; Barker v. UBS AG, 888 F.Supp.2d 291, 298 (D. Conn. 2012) ("An employee does not need to specifically allege fraud, or reference a specific statute in order to engage in protected activity."); Guyden v. Aetna, Inc., 544 F.3d 376, 384 (2nd Cir. 2008) ("[A] whistleblower need not show that the corporate defendant committed fraud to prevail in her retaliation claim under § 1514A. The statute only requires the employee to prove that she 'reasonably believe[d]' that the defendant's conduct violated federal law . . . The provision's focus on the plaintiff's state of mind rather than on the defendant's conduct is inconsistent with what Guyden argues is the statutory purpose – to employ SOX retaliation litigation as a vehicle for publicizing corporate misconduct. It is far more consistent with a statutory purpose to provide a strong compensatory mechanism for employees subject to adverse employment action as a result of their whistleblowing conduct."); and Barker v. UBS AG, 888 F.Supp.2d 291, 298 (D. Conn. 2012) ("[A]n employee need not demonstrate that a violation of law actually occurred . . . Rather, it is sufficient that an employee demonstrates that "she reasonably believed that the defendant's conduct violated federal law." Barker may "satisfy this requirement so long as she demonstrates that she held an objectively reasonable belief that the conduct she complained of was in violation of federal law . . .) (citing Zinn v. Am. Commercial Lines Inc., ARB Case No. 10-029 (Mar. 28, 2012), 2012 WL 1143309 at *9 ("[Plaintiff] need not describe an actual violation of law, as an employee's whistleblower communication is protected where based on reasonable, but mistaken, belief that the employer's conduct constitutes a violation of one of the six enumerated categories of law under Section 803.").)

[16]  Murray v UBS Securities LLC and UBS AG, No. 14 Civ. 927, 2017 WL 1498051, at *9-10 (S.D.N.Y. Apr. 25, 2017).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1   designed "to nip corporate wrongdoing in the bud, rather than permitting a scheme to blossom

2   into a full-fledged crime before whistleblower protections take effect."[17]

3       An employee also does not need to specifically allege fraud, or mention or reference a

4       specific law or regulation, in order to engage in protected activity.[18]

5       SEC regulations and guidelines, including 17 C.F.R. § 242.501 and Regulation AC,

6   required independent researchers like Mr. Murray to certify in their research reports that "with

7   respect to each security or issuer that the analyst covered in this report [i] all of the views

8   expressed accurately reflect his or her personal views about those securities or issuers and were

9   prepared in an independent manner, including with respect to UBS, and [ii] no part of his or her

10  compensation was, is, or will be indirectly related to the specific recommendations or views

11  expressed by that research analyst in this research report."

12      Accordingly, if you find that Mr. Murray has established by a preponderance of the

13  evidence (1) that he reported to his superiors at UBS that he was being subjected by other UBS

14  personnel to efforts to pressure him into publishing biased and inaccurate, but ostensibly

15  independent reports touching on the CMBS securities market; (2) that he believed personally and

16  in good faith that those efforts were a violation of federal securities laws and regulations; and (3)

17  that a reasonable person in his position would also have believed that those efforts were a

18  violation of federal securities laws and regulations; then you must find that Mr. Murray engaged

19  in protected activity under the Sarbanes-Oxley Act.

20

---

[17]   Leshinsky v. Telvent GIT, S.A., 942 F. Supp. 2d 432, 446 (S.D.N.Y. 2013), quoting Wiest v. Lynch, 710 F.3d 121, 132 (3d Cir. 2013).

[18]   Wiest v. Lynch, 710 F.3d 121, 133 (3d Cir. 2013).

1    **33.     CONTRIBUTING FACTOR [VERDICT SHEET QUESTION 2]**

2         If you find by the preponderance of the evidence that Mr. Murray engaged in protected

3    activity, you must determine whether the protected activity was a contributing factor in his

4    termination.

5         It is important to understand the term "contributing factor."  Mr. Murray does not have to

6    show that his protected activity was the only factor affecting or influencing the termination

7    decision.  Mr. Murray also does not have to show that his protected activity was a significant,

8    motivating, substantial, primary or predominate factor.[19]  Similarly, Mr. Murray is not required

9    to show that, but for his protected activity, he would not have been terminated.  To meet his

10   burden, Mr. Murray must only show that the protected activity affected or influenced the

11   termination decision in any way.[20]

12        You may consider any and/or all of the evidence in coming to a determination regarding

13   contributing factor. Note, however, that the law permits you to find that the protected activity

14   was a contributing factor in Mr. Murray's termination based on temporal proximity alone.

15   Meaning, if you determine that Mr. Murray engaged in protected activity and was terminated

16   shortly thereafter, you are permitted to infer that his protected activity was a contributing factor

17   in his termination.[21]

18        Mr. Murray is not required to prove that the decisionmaker or decisionmakers who were

19   ultimately responsible for his termination had any direct personal knowledge of his protected

20   activity.  It is sufficient if he proves that a UBS employee with knowledge of the protected

---

[19]   Feldman v. Law Enf't Assoc. Corp., 752 F.3d 339, 348 (4th Cir. 2014).

[20]   Perez v. Progenics Parm., Inc., 965 F.Supp. 2d 353, 366 (S.D.N.Y. 2013).

[21]   Sharkey v. JPMorgan Chase & Co., No. 15-3400-CV, 2016 WL 4820997, at *1 (2d Cir. Sept. 12, 2016).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1   activity played some role in the decision to terminate him, even if the actual final decision is

2   made by someone without actual knowledge.[22]

3

---

[22]  <u>Plantone v. FLYi, Inc.</u>, Case No. 04-154 (ARB Sept. 29, 2006), *aff 'd*, <u>Platone v. U.S. Dep't of Labor</u>, 548 F.3d 322 (4th Cir. 2008).

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS

1    **34.     AFFIRMATIVE DEFENSE [VERDICT SHEET QUESTION 3]**

2          If you find that Mr. Murray has established that he engaged in protected activity, and that

3    the protected activity was a contributing factor in his termination, the burden of proof shifts to

4    the defendants.  Therefore, should you find that Mr. Murray engaged in protected activity that

5    was a contributing factor in his termination, UBS must prove by "clear and convincing evidence"

6    that it would have terminated Mr. Murray even if he had not engaged in protected activity.  The

7    clear and convincing standard is higher than the preponderance of evidence standard.  The clear

8    and convincing evidence standard is even more stringent than the already tough standard that

9    employers face in other employment cases.[23]  To meet this standard, UBS must present evidence

10   that leaves you with a firm belief or conviction that it is highly probable or reasonably certain

11   that Defendants would have terminated Mr. Murray on February 6, 2012 if he had not engaged in

12   protected activity.

13         To prove this defense, UBS cannot say simply that it had a reason to terminate Mr.

14   Murray even if he had not engaged in protected activity.  Thus, it is not sufficient for UBS to

15   show that it was conducting a reduction in force at the time.  Rather, UBS must prove by clear

16   and convincing evidence (1) that its decision to include Mr. Murray in its reduction in force was

17   not influenced in any way by his protected activity,[24] and (2) that UBS would have actually

18   terminated Mr. Murray on February 6, 2012 even if he had not engaged in protected activity.

19

---

[23]   Mahony v. Keyspan Corp., No. 04 Civ. 554 (SJ), 2007 WL 805813, at *7 (E.D.N.Y. Mar. 12, 2007).

[24]   Danzer v. Norden Systems, Inc., 151 F.3d 50, 55-56 (2d Cir. 1998).

1    **35.      DAMAGES [VERDICT SHEET QUESTIONS 4-5]**

2          If the plaintiff has proven by a preponderance of the credible evidence that defendant is

3    liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is

4    entitled. However, you should not infer that the plaintiff is entitled to recover damages merely

5    because I am instructing you on the elements of damages. It is exclusively your function to

6    decide upon liability, and I am instructing you on damages only so that you will have guidance

7    should you decide that the plaintiff is entitled to recovery.  (Instruction 77-1, 4-77 Modern

8    Federal Jury Instructions-Civil P 77.01 (2017).)

9          As a former employee of UBS, if Mr. Murry prevails in this action, he "shall be entitled

10   to all relief necessary to make the employee whole."  (18 U.S.C. §1514A(c)(1)).

11

1   **36.      COMPENSATORY DAMAGES**

2          The purpose of the law of damages is to award, as far as possible, just and fair

3   compensation to plaintiff for the loss, if any, which resulted from the defendants' unlawful acts.

4   If you find that the defendant is liable on the claims, as I have explained them, then you must

5   award the plaintiff sufficient damages to compensate him or her for any injury proximately

6   caused by the defendant's conduct.

7          These are known as "compensatory damages." Compensatory damages seek to make the

8   plaintiff whole—that is, to compensate him or her for the damage suffered. Furthermore,

9   compensatory damages are not limited merely to expenses that plaintiff may have borne.

10  Damages means the amount of money that will reasonably and fairly compensate Mr. Murray for

11  any loss of pay, wages, and benefits and other harms you find were caused by the unlawful acts

12  of the defendants.  A prevailing plaintiff under the Sarbanes-Oxley Act is entitled to

13  compensatory damages for the following:

14           i.    Back pay.  This is the amount of money Mr. Murray has lost to date because he

15                 was terminated from UBS (from February 6, 2012 through the present).  This

16                 includes salary, bonus and the value of benefits that Mr. Murray has lost as a

17                 result of his termination, as well as any salary increases he would have received

18                 from UBS. In calculating the amount of any award of back pay, the money Mr.

19                 Murray earned from his employment after termination, at Morgan Stanley and

20                 KKHG, should be subtracted from the amount of the compensation (salary, bonus,

21                 and benefits) he would have received had he not been terminated from UBS.

22          ii.    Reinstatement with the same seniority status that Mr. Murray would have had if

23                 he had not been terminated, or where reinstatement is not feasible, an award of

1                 front pay to compensate Mr. Murray for the loss of future pay and benefits caused

2                 by UBS's unlawful acts.

3      iii.    Reputational damages.  This type of damages provides an award to compensate

4                 Mr. Murray for any harm to his reputation sustained as a result of UBS's unlawful

5                 acts.

6      iv.    Special damages sustained as a result of UBS's unlawful acts, including but not

7                 limited to pain and suffering, mental anguish, emotional distress, depression,

8                 stress, anxiety, humiliation, inconvenience and loss of enjoyment of life.[25]

9        I remind you that you may award compensatory damages only for injuries that a plaintiff

10 proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that

11 you award must be fair and reasonable, neither inadequate nor excessive. You should not award

12 compensatory damages for speculative injuries, but only for those injuries that a plaintiff has

13 actually suffered or which he or she is reasonably likely to suffer in the future.  In connection

14 with both economic and non-economic future damages, Mr. Murray is 46 years old.  The

15 actuarial life and work-life tables reflect that the life expectancy for a 46-year-old male with a

16 university degree is 35 years, and the work-life expectancy is 19 years.

17        In awarding compensatory damages, if you decide to award them, you must be guided by

18 dispassionate common sense. Computing damages may be difficult, but you must not let that

---

[25]   If Plaintiff prevails, he will also be entitled to an award of costs and attorneys fees in an amount to be determined following trial.  Moreover, if the jury finds that Plaintiff engaged in protected activity and that such activity was a contributing factor in his termination, he will be entitled to an award of costs and attorneys fees, even if Defendants meet their burden of demonstrating by clear and convincing evidence that they would have terminated Plaintiff even if he had not engaged in protected activity.  Cf. 42 U.S.C. §2000e-5(g)(B) ("On a claim in which an individual proves a violation under section 2000e-2(m) of this title [i.e., establishes that discriminatory bias was a motivating factor in a termination decision] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court – (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title.").

1  difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require

2  a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as

3  much definiteness and accuracy as the circumstances permit.

4       In all instances, you are to use sound discretion in fixing an award of damages, drawing

5  reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

6  (Instruction 77-3, 4-77 Modern Federal Jury Instructions-Civil P 77.01 (2017).) (modified).

1  **37.     MITIGATION**

2       Defendants assert that if you award Mr. Murray back pay, you should reduce the award

3  by the amount that Mr. Murray could have earned from other employment.[26]  To succeed,

4  Defendants must prove, by a preponderance of the evidence, that:

5           1.   Mr. Murray unjustifiably failed to take a new job of like kind, status and pay to

6                his position at UBS, that was available to him, or

7           2.   Mr. Murray failed to make reasonable efforts to find such new job of like kind,

8                status and pay to his position at UBS.[27]

9       An employee need only make a reasonable effort, not an exhaustive effort, to find

10 comparable employment.[28]  Reasonableness turns on consideration of the characteristics of the

11 individual plaintiff, which includes his age and the job market he faced.[29]  There is no

12 requirement that an employee undertake an exercise in futility.[30]

13      If Defendants prove that Mr. Murray unjustifiably failed to take comparable new

14 employment that was available to him, or to make reasonable efforts to find comparable

15 employment, you should reduce the back pay award by the amount that Mr. Murray could have

16 earned had he done so.

17

---

[26]  Plaintiff expressly reserves the right to file a motion to strike Defendants' mitigation defense during or after trial.

[27]  From the jury charge given in Zulfer v. Playboy Enterprises, Inc., 2:12-cv-08263-BRO-SH Doc. 194, page 53 of 65.

[28]  Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers, 2010 WL 3619708, at *6 (E.D.N.Y. Sept. 10, 2010).

[29]  Id. at *5.

[30]  Id. at *6.

1    **38.    PUNITIVE DAMAGES**

2        If you should find that the defendant is liable for the plaintiff's injuries, then you have the

3    discretion to award, in addition to compensatory damages, punitive damages.  You may award

4    punitive damages if the plaintiff proves by a preponderance of the evidence that the defendants'

5    conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if

6    it is done in such a manner, and under such circumstances, as to reflect utter disregard for the

7    potential consequences of the act on the safety and rights of others. The purpose of punitive

8    damages is to punish a defendant for shocking conduct and to set an example in order to deter

9    him or her and others from committing similar acts in the future.

10        The awarding of punitive damages is within your discretion—you are not required to

11    award them. Punitive damages are appropriate only for especially shocking and offensive

12    misconduct. If you decide to award punitive damages, you must use sound reason in setting the

13    amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may

14    be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard,

15    you may consider the financial resources of the defendant in fixing the amount of punitive

16    damages (and you may impose punitive damages against one or more of the defendants, and not

17    others, or against more than one defendant in different amounts).The purpose of the law of

18    damages is to award, as far as possible, just and fair compensation for the loss, if any, which

19    resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is

20    liable on the claims, as I have explained them, then you must award the plaintiff sufficient

21    damages to compensate him or her for any injury proximately caused by the defendant's

22    conduct.  (Instruction 77-5, 4-77 Modern Federal Jury Instructions-Civil P 77.01 (2017))

Dated: November 6, 2017

**Broach & Stulberg**

By: /s/ Robert B. Stulberg

   Robert B. Stulberg
   Amy F. Shulman

**Herbst Law PLLC**

By: /s/ Robert L. Herbst

   Robert L. Herbst

PLAINTIFF TREVOR MURRAY'S PROPOSED JURY QUESTIONS