

| | | |
|---|---|---|
| **Amy F. Shulman**<br>Partner<br>ashulman@brostul.com | **T** 212.268.1000<br>**F** 212.947.6010<br>www.brostul.com | One Penn Plaza, Suite 2601<br>New York, New York 10119 |

November 6, 2017

**BY ECF/ EMAIL**
Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    <u>Murray v. UBS Securities LLC and UBS AG, Case No. 14-CV-0927 (KPF)</u>

Dear Judge Failla:

    This firm represents Plaintiff Trevor Murray. Pursuant to Rule 6A of the Court's Individual Practices and the Stipulation and Protective Order so ordered on July 2, 2015 ("Protective") Order, Plaintiff's respectfully request permission to file the following papers under seal: (a) Notice of Motion in Limine to Exclude Evidence Concerning Regulatory Agency Letter and Investigation ("the Motion"); (b) Memorandum of Law in Support of the Motion; and (c) the Declaration of Robert B. Stulberg in support of the Motion.

    Pursuant to Rule 6A of the Court's Individual Practices, annexed hereto as Exhibit 1 is a full set of the documents listed in "(a)" through "(c)" above with the proposed redactions highlighted and annexed hereto Exhibit 2 is a partial set of the documents listed in "(a)" through "(c)" above containing solely those pages on which we seek to redact material.

    We make this request for the following reasons. On July 2, 2015, the Court so ordered a Stipulation and Protective Order ("the Stipulation), which permits a party to designate as "Confidential" information or documents which that party "considers in good faith to contain non-public or sensitive commercial, financial, personnel, business, personal or health information that the party would not normally reveal to third parties, or would require third parties to maintain in confidence." (Stipulation ¶ 2). The Protective Order further requires that a party who seeks to file with the Court any material designated as "Confidential" must file that material under seal as permitted or authorized by the Court, in accordance with the Court's Individual Practices. (Stipulation ¶ 14). In discovery, Defendants designated the documents that they produced and the deposition testimony of their witnesses as "Confidential," and Plaintiff designated documents and testimony that he produced as "Confidential." The non-designating parties have not disputed the designating parties' designation of material as "Confidential."

    The material to be filed under seal consists of deposition testimony, exhibits thereto, or documents designated by Defendants or Plaintiff as "Confidential" during discovery. (Decl. of Amy Shulman in Support of Letter Motion to Seal at ¶¶ 4). The material sought to be placed under seal contains or reflects non-public sensitive regulatory agency communications and Defendants' sensitive and confidential business information. (Shulman Decl. at ¶¶ 4). <u>See, e.g.</u>, <u>Dodona I, LLC v. Goldman Sachs & Co.</u>, 119 F.Supp.3d 152, 156-157 (S.D.N.Y. 2015)(permitting redaction of sensitive personal information of current and former employees, including contact, biographical, and compensation information, information concerning trading

strategies, objectives and transactions, such as corporate documents that govern investment strategies and other proprietary information, and information concerning customer or client names, financial figures, and third-party information); see also Tropical Sails Corp. v. Yext, Inc., 14 CV 7582, 2016 WL 1451548 (S.D.N.Y. April 12, 2016)(noting confidentiality of non-public strategy and financial information); Playtex Products, LLC v. Munchkin, Inc., 14-CV 1308, 2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016)(granting request to seal proprietary information regarding product development).

As the proposed redactions comport with the Protective Order, the proposed redactions reflect the parties' good faith and mutually agreeable attempts to respect the privacy interests in non-public, sensitive and confidential information of the parties.

Accordingly, Plaintiff respectfully requests that the Court permit Plaintiff to file under seal the "highlighted" portions of Plaintiff's papers in support of its Motion in Limine to Exclude Evidence Concerning Regulatory Agency Letter and Related Investigation.

The Court's considerations are appreciated.

Respectfully submitted,

Amy F. Shulman

Encls.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TREVOR MURRAY,

                Plaintiff,                      14 CV 927 (KPF)

                                                                       **DECLARATION OF**
              - against -                       **AMY SHULMAN**
                                                                       **IN SUPPORT OF LETTER**
UBS SECURITIES, LLC and UBS AG,        **MOTION**

                Defendants.
------------------------------------------------------------------X

        **Amy F. Shulman**, under penalty of perjury, pursuant to 28 U.S.C. § 1746, declares that the following is true and correct:

        1.        I am a member of the firm Broach & Stulberg, LLP, attorneys for the plaintiff in the above-captioned action. I make this declaration in support of Plaintiff's letter motion to file under seal certain portions of Plaintiff's Motion in Limine to Exclude Evidence Concerning Regulatory Agency Letter and Related Investigation ("the Motion").

        2.        The instant letter motion seeks to file under seal portions of those documents under seal for the following reasons.

        3.        On July 2, 2016, the Court so ordered a Stipulation and Protective Order ("Stipulation") which permits a party to designate as "Confidential" information or documents which that party "considers in good faith to contain non-public or sensitive commercial, financial, personnel, business, personal, or health information that the party would not normally reveal to third parties, or would require third parties to maintain in confidence." (Stipulation ¶ 2). The Stipulation further requires that a party who seeks to file with the Court any material designated as "Confidential" must file that material under seal as permitted or authorized by the Court, in accordance with the Court's Individual Practices. (Stipulation ¶ 14).

4.      In accordance with the Stipulation, we seek to file under seal documents, deposition testimony, and exhibits thereto that were designated in good faith by one or more parties as "Confidential" under Paragraph 2 of the Stipulation. The material sought to be placed under seal includes or refers to non-public, sensitive regulatory agency communications and Defendants' sensitive non-public business information.

5.      No party has contested the confidentiality designation of the material sought to be placed under seal as "Confidential."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      November 6, 2017.

                                              Amy F. Shulman