UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
TREVOR MURRAY,

                        Plaintiff,                    14 CV 927 (KPF)

      V.

UBS SECURITIES, LLC and UBS AG,

                        Defendants.
---------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING UNRELATED REDUCTIONS IN FORCE**

Plaintiff Trevor Murray ("Plaintiff" or "Mr. Murray") hereby moves in limine to exclude evidence, argument, or references concerning any reductions in force that are unrelated to Plaintiff's employment or termination of employment, including, without limitation, reductions in force that occurred before Plaintiff's employment or after Plaintiff's termination of employment.[1]

The motion should be granted because the evidence, references, and arguments concerning reductions in force unrelated to Plaintiff's employment or termination are inadmissible under Fed. R. Evid. 402 because they are not relevant within the meaning of Fed. R. Evid. 401 to Plaintiff's claims under the Sarbanes Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, or to Defendants' permissible defenses. Alternatively, the evidence, references, and arguments at issue are more prejudicial than probative and must be excluded under Fed. R. Evid. 403.

## BACKGROUND

---

[1] Plaintiff does not seek to exclude for background purposes reference to Plaintiff's lay-off from Defendants in 2009.

1

As set forth fully in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 126) ("Opp. MOL") and in Plaintiff's Corrected Local Civil Rule 56.1 Counter-Statement ("CS") (Dkt. No. 129-1), Plaintiff worked for Defendants (for a second time) from in or around May 31, 2011 as a Commercial Mortgage Backed Securities ("CMBS") Strategist until the involuntary termination of his employment on February 6, 2012. (Dkt No. 126 at 1-6). He alleges that he engaged in activity protected under SOX and that Defendants unlawfully terminated his employment as a Strategist in retaliation for his protected activities under SOX. (Dkt. No. 126 at 1-6, 10-16).

Defendants have asserted that Plaintiff was terminated on February 6, 2012 as part of a reduction in force called, "Project Doral," and that Plaintiff was selected for termination in the reduction in force because the CMBS area was less likely to be profitable than other areas of the Investment Bank. (Dkt. No. 127 [Stulberg Ex. 4] at 25:8-14]. Nonetheless, Defendants also have sought to rely, in their defense, on purported reductions in force besides Project Doral, including reductions in force that bear no relation to Plaintiff's employment and/or to its termination. (See, e.g., Dkt. No. 104-11 at Ex. 11 [Decl. of Marc Montanaro]].

## ARGUMENT

"A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence" under Fed. R. Evid. 104. Highland Capital Management, L.P. v. Schneider, 379 F.Supp.2d 461 (S.D.N.Y. 2005), distinguished on other grounds, Summit Elec. Supply Co., Inc. v. Int'l Bus. Machines Corp., No. CIV 07-431 MCA/DJS, 2010 WL 11414471 (D.N.M. Sept. 30, 2010). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or

less probable than it would be without the evidence.'" Fed. R. Evid. 401. Under Fed. R. Evid. 403, however, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The elements of Plaintiff's claim under SOX are that:

> (1) [he] engaged in protected activity; (2) the employer knew that [he] engaged in the protected activity; (3) [he] suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action.

Bechtel v. Admin. Review Bd., U.S. Dep't of Labor, 710 F. 3d 443, 447-48 (2d Cir. 2013). "The words 'a contributing factor' mean any factor which, alone or in connection with other factors, tends to affect in any way the outcome of the decision." Leshinsky v. Telvent GIT, S.A., 42 F.Supp.2d 432, 440 (S.D.N.Y. 2013). If the plaintiff meets this burden, the "employer may avoid liability if it can prove 'by clear and convincing evidence' that it ''would have taken the same unfavorable personnel action in the absence of that protected behavior.'" Bechtel, 710 F.3d at 447-48 (internal citations omitted). It is not sufficient for Defendants to assert that they *could* have terminated Plaintiff's employment; they must show that they *would* have terminated Plaintiff's employment on February 6, 2012 even in the absence of his protected activity.

Thus, the issues in this case are whether Plaintiff's protected activity was a contributing factor to his termination on February 6, 2012 and whether Defendants can prove by clear and convincing evidence that it would have terminated Plaintiff's employment on February 6, 2012 even in the absence of Plaintiff's protected activity. Bechtel, 710 F.3d at 447-48.

**A.   Evidence Concerning Pre-Hiring and Post-Termination Lay-Offs and other Lay-Offs Unrelated to Plaintiff's Termination Must Be Excluded.**

Although Defendants have sought to rely on reductions in force other than Project Doral that occurred before and/or after Plaintiff's termination, reductions in force or lay-offs that are not related to a plaintiff's termination are not relevant. Blodgett v. Siemens Indus., Inc., 13 CV 3194, 2016 WL 42003490 (E.D.N.Y. Aug. 9, 2016); see also Mahony v. Keyspan Corp., 04 CV 554 (SJ), 2007 WL 805813 (E.D.N.Y. Mar. 12, 2007)(denying summary judgment in a SOX case where the defendant made generalized assertions of a company-wide downsizing, without any indicia of the relevance to the plaintiff's position).

Here, Defendants have made bald, generalized assertions regarding lay-offs that occurred after Plaintiff's termination, including in late 2012 (See, e.g., Dkt. No. 104-11 at Ex. 11 [Montanaro Decl.] at ¶ 11-12). Lay-offs that occurred after February 6, 2012, however, are, by definition, not related to Plaintiff's termination because Plaintiff already had been terminated by the time such lay-offs occurred.

Such lay-offs are thus not relevant, Blodgett, 4, 2016 WL 42003490, or probative of (a) whether Plaintiff's protected activity was a contributing factor in his termination or (b) whether Defendants can show by clear and convincing evidence that they would have terminated Plaintiff's employment on February 6, 2012 in the absence of that protected activity.

Indeed, the only purpose for which Defendants could seek to introduce evidence concerning post-termination reductions in force would be to assert a post-hac justification for Defendants' termination of Plaintiff's employment. As Defendants' burden is to show that they would have terminated Plaintiff on February 6, 2012 even in the absence of his protected activity, however, any post-hac justification offered by Defendants for the February 6, 2012 termination would be irrelevant. Having (unlawfully) terminated Plaintiff's employment on February 6, 2012, Defendants cannot later assert that events occurring after that date somehow

justify Plaintiff's termination. Thus, because such lay-offs are not relevant to the decision to terminate Plaintiff's employment on February 6, 2012, any evidence, argument, and references concerning such lay-offs are inadmissible under Fed. R. Evid. 402.

Even if these post-termination lay-offs were tangentially probative, which they are not, given that Plaintiff was no longer employed by Defendants at the time these lay-offs occurred, any purported relationship between these lay-offs and Plaintiff's employment would be entirely speculative, and thus substantially prejudicial to Plaintiff and confusing to the jury. Accordingly, arguments, evidence, and references concerning post-termination lay-offs must be precluded under Fed. R. Evid. 403.

Similarly, reductions in force that occurred before May 2011 (with one exception noted in footnote 1) also are irrelevant. At the April 7, 2015 initial pre-trial conference in this action, the Court refused to allow discovery of information within Defendants' possession or control concerning the period before Plaintiff's second tenure at Defendants, on the ground that such discovery was not relevant. The parties, accordingly, did not conduct discovery regarding that period.

Moreover, reductions in force that occurred before May 2011, when Plaintiff was rehired, are not probative of the factors that contributed to the decision to terminate Plaintiff's employment on February 6, 2012 and cannot provide clear and convincing evidence that Defendants would have terminated Plaintiff's employment on February 6, 2012. Given the Court's April 7, 2015 ruling, and the fact that reductions in force that occurred before May 2011 could not have been factors in Plaintiff's termination, reductions in force occurring before May 2011 are not probative to any of the issues in this action, and evidence concerning those reductions in force must be excluded under Fed. R. Evid. 402 (except as set forth in footnote 1).

Finally, even if these pre-re-hire lay-offs were tangentially probative, which they are not, Plaintiff was not permitted to conduct discovery of documents and information within Defendants' control of the pre-second tenure period. It would be unfairly prejudicial to Plaintiff and misleading to the jury to permit Defendants to introduce one-sided evidence as to which Plaintiff was not permitted to conduct discovery. Consequently, such evidence, references, and argument must be precluded under Fed. R. Evid. 403.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff's Motion in Limine to Exclude Evidence Concerning Unrelated Reductions in Force should be granted.

Dated: November 6, 2017
New York, New York

BROACH & STULBERG, LLP
*Attorneys for Plaintiff*

By: _____/s/_____
Robert B. Stulberg
Amy F. Shulman
One Penn Plaza, Suite 2601
New York, New York 10119
(212) 268-1000
rstulberg@brostul.com

HERBST LAW PLLC
*Attorneys for Plaintiff*
By: Robert L. Herbst
420 Lexington Avenue, Suite 300
New York, New York 10170
(646) 543-2354
rherbst@herbstlawny.com