

| | **Robert B. Stulberg** | **T** 212.268.1000 | One Penn Plaza, Suite 2601 |
| Broach & Stulberg LLP<br>Attorneys at Law | Partner<br>rstulberg@brostul.com | **F** 212.947.6010<br>www.brostul.com | New York, New York 10119 |

November 6, 2017

**BY ECF/ EMAIL**
Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    <u>Murray v. UBS Securities LLC and UBS AG, Case No. 14-CV-0927 (KPF)</u>

Dear Judge Failla:

    This firm represents Plaintiff Trevor Murray. Pursuant to Rule 6A of the Court's Individual Practices and the Stipulation and Protective Order so ordered on July 2, 2015 ("Protective") Order, Plaintiff's respectfully request permission to file the following papers in support of Plaintiff's Motion in Limine to Exclude Evidence Concerning Responses to Misleading Questions ("Motion"): (a) Notice of Motion; (b) Memorandum of Law in Support of the Motion; and (c) Declaration of Robert Stulberg in Support of the Motion.

    Pursuant to Rule 6A of the Court's Individual Practices, annexed hereto as Exhibit 1 is a full set of the documents listed in "(a)" through "(c)" above with the proposed redactions highlighted, and annexed hereto Exhibit 2 is a partial set of the documents listed in "(a)" through "(c)" above containing solely those pages on which we seek to redact material.

    We make this request for the following reasons. On July 2, 2015, the Court so ordered a Stipulation and Protective Order ("the Stipulation), which permits a party to designate as "Confidential" information or documents which that party "considers in good faith to contain non-public or sensitive commercial, financial, personnel, business, personal or health information that the party would not normally reveal to third parties, or would require third parties to maintain in confidence." (Stipulation ¶ 2). The Protective Order further requires that a party who seeks to file with the Court any material designated as "Confidential" must file that material under seal as permitted or authorized by the Court, in accordance with the Court's Individual Practices. (Stipulation ¶ 14). In discovery, Defendants designated the documents that they produced and the deposition testimony of their witnesses as "Confidential," and Plaintiff designated documents and testimony that he produced as "Confidential." The non-designating parties have not disputed the designating parties' designation of material as "Confidential."

    The material to be filed under seal consists of deposition testimony, exhibits thereto, or documents designated by Defendants or Plaintiff as "Confidential" during discovery. (Decl. of Robert B. Stulberg in Support of Letter Motion to Seal at ¶¶ 4). The material sought to be placed under seal contains or reflects deposition testimony that the Court previously has permitted to be filed under seal in connection with Defendants' Motion for Summary Judgment (Dkt. No. 101). The material sought to be placed under seal is deposition testimony concerning non-public communications with governmental agencies. (Stulberg Decl. at ¶¶ 4). See, <u>e.g.</u>, <u>Dodona I, LLC v. Goldman Sachs & Co.</u>, 119 F.Supp.3d 152, 156-157 (S.D.N.Y. 2015)(permitting redaction of

Hon. Katherine Polk-Failla
November 6, 2017
Page 2

sensitive personal information of current and former employees, including contact, biographical, and compensation information, information concerning trading strategies, objectives and transactions, such as corporate documents that govern investment strategies and other proprietary information, and information concerning customer or client names, financial figures, and third-party information); see also Tropical Sails Corp. v. Yext, Inc., 14 CV 7582, 2016 WL 1451548 (S.D.N.Y. April 12, 2016)(noting confidentiality of non-public strategy and financial information); Playtex Products, LLC v. Munchkin, Inc., 14-CV 1308, 2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016)(granting request to seal proprietary information regarding product development).

Because proposed redactions comport with the Stipulation, the proposed redactions reflect the parties' good faith and mutually agreeable attempts to respect the parties' privacy interests. (Shulman Decl. ¶ 5).

Accordingly, Plaintiff respectfully requests that the Court permit Plaintiff to file under seal the "highlighted" portions of Plaintiff's papers in support of his Motion in Limine to Exclude Evidence Concerning Responses to Misleading Questions.

The Court's considerations are appreciated.

Respectfully submitted,

11-7-17

Robert B. Stulberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TREVOR MURRAY,

                Plaintiff,                     14 CV 927 (KPF)

                                              **DECLARATION OF**
                                              **ROBERT B. STULBERG**
              - against -                 **IN SUPPORT OF LETTER**
                                              **MOTION TO FILE**
UBS SECURITIES, LLC and UBS AG,         **UNDER SEAL.**

                        Defendants.
-------------------------------------------------------------------X

      **Robert B. Stulberg**, under penalty of perjury, pursuant to 28 U.S.C. § 1746, declares

that the following is true and correct:

      1.      I am a member of the firm Broach & Stulberg, LLP, attorneys for Plaintiff in the

above-captioned action.  I make this declaration in support of Plaintiff's letter motion to file

under seal certain portions of Plaintiff's Motion in Limine to Exclude Evidence Concerning

Responses to Misleading Questions.

      2.      The instant letter motion seeks to file under seal portions of those documents for

the following reasons.

      3.      On July 2, 2016, the Court so ordered a Stipulation and Protective Order

("Stipulation") which permits a party to designate as "Confidential" information or documents

which that party "considers in good faith to contain non-public or sensitive commercial,

financial, personnel, business, personal, or health information that the party would not normally

reveal to third parties, or would require third parties to maintain in confidence." (Stipulation ¶ 2).

The Stipulation further requires that a party who seeks to file with the Court any material

designated as "Confidential" must file that material under seal as permitted or authorized by the

Court, in accordance with the Court's Individual Practices.  (Stipulation ¶ 14).

4.     In accordance with the Stipulation, we seek to file under seal deposition testimony that Plaintiff in good faith designated as "Confidential" under Paragraph 2 of the Stipulation. The material sought to be placed under seal contains or reflects deposition testimony that the Court previously has permitted to be filed under seal in connection with Defendants' Motion for Summary Judgment. (Dkt. No. 101).  The material sought to be placed under seal is deposition testimony concerning non-public communications with governmental agencies.

5.     Because the proposed redactions comport with the Stipulation, the proposed redactions reflect the parties' good faith and mutually agreeable attempts to protect the parties' respective privacy interests.

6.     No party has contested the confidentiality designation of the material sought to be placed under seal as "Confidential."

Dated: New York, New York
        November 7, 2017

_____
Robert B. Stulberg

2