UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
TREVOR MURRAY,                                               :
:
            Plaintiff,                                :
:
   -against-                                                : Civil Action No. 14 Civ. 0927 (KPF)
:
UBS SECURITIES, LLC and UBS AG,                              :
:
            Defendants.                               :
:
------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED REPLY AND OTHER MOTION IN LIMINE FILINGS

      Defendants UBS AG and UBS Securities LLC (collectively, "UBS") respectfully submit this memorandum in support of their motion to strike Plaintiff's improper and unauthorized reply filed last night in support of his motions in limine, as well as his untimely motions in limine, and untimely and over-length opposition to UBS's motions in limine.

      Over six months ago, on April 26, 2017, the Court set a compressed schedule for pre-trial filings that did *not* include reply briefs in support of the motions in limine. It stated, in its entirety, as follows:

> Consistent with the parties' correspondence with the Court (Dkt. #146), trial in this matter is set to begin on December 4, 2017, at 9:00 a.m. The following pretrial schedule is hereby ORDERED:
>
> The parties' Joint Pretrial Order, jury charge requests, proposed questions for voir dire, **any motions in limine, and any pretrial memoranda of law are due November 6, 2017; any opposition papers are due November 13, 2017.** The parties are reminded to consult Rule 7 of the Court's Individual Rules of Practice in Civil Cases in preparing these materials for submission. The final Pretrial Conference will be held on November 21, 2017, at 11:00 a.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

Dkt. 169 (emphasis added).

1

Plaintiff cannot conceivably believe this order contemplated reply briefs, in that his newly appearing additional counsel requested, on October 30, 2017, a one-week "extension of time for the parties to file their Pretrial Order and related filings, currently due Monday, November 6, 2017." Dkt. 169.  As UBS noted in opposition to that request, that schedule would have had the *oppositions* being filed on Monday, November 20—the day before the pretrial conference, rather than on November 13.  *See* Dkt. 170 at 1.  During the October 31, 2017 telephonic conference, the Court specifically rejected this patently unworkable proposal, granting only an extension for specific portions of the proposed Pre-Trial Order.  Reply briefs were at no point mentioned during this conference or in Plaintiff's extension requests.

Nonetheless, Plaintiff failed to comply with the Court's order, with three of his seven motions in limine filed after 11:59 p.m. on the due date.  *See* UBS's Consolidated Opp. to Plaintiff's Mots. in Limine at 1 n.1, 12 n.5, 17 n.6.

Then, on November 7, 2017, the Court issued an additional order providing as follows:

> The Court is in receipt of the parties' motions in limine.  For the Court's convenience, the parties are each directed to file a single memorandum of law responding to their adversary or adversaries' motions in limine.

Dkt 199.  Once again, it is clear that reply briefs were neither contemplated nor authorized.  Plaintiff subsequently filed a 32-page opposition at approximately 4:00 a.m. on Tuesday, November 14, after the deadline and well in excess of the Court's 25-page limitation for opposition briefs.  *See* Indiv. R. of Practice in Civ. Cases 4.B ("Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages.").  Plaintiff now has filed a reply brief that is both unauthorized in its entirety by the Court's April 26, 2017 order and over-length. *See* Indiv. R. of Practice in Civ. Cases 4.B ("Unless prior permission has been granted . . . reply memoranda are limited to 10 pages.").

2

These repeated failures to abide by the Court's clear orders prejudice UBS on the eve of trial and unreasonably burden the Court.  Accordingly, Defendants respectfully request that the Court exercise its "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances" and strike the Plaintiff's improper reply.  *Sierra v. United States*, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998).  UBS also reiterates its request to strike the untimely motions in limine, and similarly requests that the untimely and over-length opposition be struck.

                                      Respectfully submitted,

Dated:   November 18, 2017          GIBSON, DUNN & CRUTCHER LLP

                                      By:   /s/ Gabrielle Levin
                                             Gabrielle Levin
                                             200 Park Avenue, 48th Floor
                                             New York, New York 10166
                                             Telephone:  212.351.3901
                                             Facsimile:  212.351.5301

                                             Daniel P. Chung
                                             1050 Connecticut Avenue, NW
                                             Washington, District of Columbia 20036
                                             Telephone:  202.887.3729
                                             Facsimile:  202.530.9639

                                             *Attorneys for Defendants*