UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                   :

TREVOR MURRAY,                   :

                   Plaintiff,     :

         -against-       :     Civil Action No. 14 Civ. 0927 (KPF)

UBS SECURITIES, LLC and UBS AG,   :

               Defendants.   :

-------------------------------------------------------x


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE RELATING TO MONETARY DAMAGES

Gabrielle Levin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone:  212.351.4000
Facsimile:  212.351.4035

Daniel P. Chung
1050 Connecticut Ave., NW
Washington, District of Columbia 20036
Telephone:  202.887.3729
Facsimile:  202.530.9639

*Attorneys for Defendants*

November 6, 2017

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

LEGAL STANDARD.................................................................................................. 2

ARGUMENT .............................................................................................................. 2

    I.    Plaintiff  Has No Right to a Jury Trial on the Equitable Remedies of Front Pay
and Back Pay, and UBS Consents Only to an Advisory Jury Verdict on Those
Issues .............................................................................................................. 3

    II.    The Court Should Exclude Evidence and Argument on Monetary Remedies
That Are Unavailable As a Matter of Law ..................................................... 6

        A.    The Court Should Bar Argument and Evidence Relating to Punitive
Damages, Which Are Not Available Under the Sarbanes-Oxley Act ................... 6

        B.    The Court Should Exclude Argument and Evidence For More Than Four
Years of Front Pay Because a Longer Award Is Improper As a Matter of
Law.................................................................................................................... 8

        C.    Arguments and Evidence Based on Hypothetical Promotions, Pay Raises
or Bonuses Should Be Excluded As Irrelevant To Any Legally Permissible
Award ............................................................................................................... 15

CONCLUSION.......................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Bonura v. Chase Manhattan Bank, N.A.*,
    629 F. Supp. 353 (S.D.N.Y. 1986)...............................................................................9, 11, 17

*Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc.*,
    2002 WL 1059117 (S.D.N.Y. May 28, 2002) ...........................................................................9

*Broadnax v. City of New Haven*,
    141 F. App'x 18 (2d Cir. 2005) ...............................................................................................14

*Broadnax v. City of New Haven*,
    415 F.3d 265 (2d Cir. 2005).................................................................................................3, 4

*Buchwald v. Renco Grp.*,
    539 B.R. 31 (S.D.N.Y. 2015).................................................................................................15

*Buckley v. Reynolds Metals Co.*,
    690 F. Supp. 211 (S.D.N.Y. 1988)..........................................................................11, 14, 15, 18

*Chevron Corp. v. Donziger*,
    2013 WL 5526287 (S.D.N.Y. Oct. 7, 2013) ........................................................................3, 4

*Chisholm v. Memorial Sloan-Kettering Cancer Ctr.*,
    824 F. Supp. 2d 573 (S.D.N.Y. 2011).......................................................................................9

*Chisolm v. Liberty Lines Transit Inc.*,
    2013 WL 452408 (S.D.N.Y. Feb. 6, 2013).................................................................................9

*Dominic v. Consol. Edison Co. of N.Y.*,
    822 F.2d 1249 (2d Cir. 1987)................................................................................................17

*Dunlap-McCuller v. Riese Org.*,
    980 F.2d 153 (2d Cir. 1992).............................................................................................8, 9, 18

*Dymskaya v. Orem's Diner of Wilton, Inc.*,
    2015 WL 1038394 (D. Conn. Mar. 10, 2015) ...........................................................................4

*EMI Music Mktg. v. Avatar Records, Inc.*,
    334 F. Supp. 2d 442 (S.D.N.Y. 2004)........................................................................................6

*Esterquest v. Booz-Allen & Hamilton, Inc.*,
    2003 WL 21673630 (S.D.N.Y. July 17, 2003) ....................................................................8, 18

*Faulkner v. Nat'l Geographic Soc'y*,
    576 F. Supp. 2d 609 (S.D.N.Y. 2008)........................................................................................6

*Fitzgerald v. U.S. Lines Co.*,
    306 F.2d 461 (2d Cir. 1962) (en banc).................................................................3, 4

*Francoeur v. Corroon & Black Co.*,
    552 F. Supp. 403 (S.D.N.Y. 1982)......................................................................18

*Frank v. Relin*,
    851 F. Supp. 87 (W.D.N.Y. 1994) .......................................................................11

*Greenbaum v. Svenska Handelsbanken, N.Y.*,
    979 F. Supp. 973 (S.D.N.Y. 1997)......................................................................13

*Hanna v. WCI Cmtys., Inc.*,
    348 F. Supp. 2d 1332 (S.D. Fla. 2004) .................................................................8

*Hemphill v. Celanese Corp.*,
    2009 WL 2949759 (N.D. Tex. Sept. 14, 2009)..................................................3, 7

*Highland Capital Mgmt. v. Schneider*,
    551 F. Supp. 2d 173 (S.D.N.Y. 2008)...................................................................2

*Hill v. Airborne Freight Corp.*,
    2003 WL 366641 (E.D.N.Y. Feb. 20, 2003)........................................................9

*Howell v. New Haven Bd. of Educ.*,
    2005 WL 2179582 (D. Conn. Sept. 8, 2005) ...................................................5, 11

*Jean-Laurent v. Hennessy*,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................................15

*Johnson v. Strive E. Harlem Emp't Grp.*,
    990 F. Supp. 2d 435 (S.D.N.Y. 2014).................................................................13

*Jones v. Home Fed. Bank*,
    2010 WL 255856 (D. Idaho Jan. 14, 2010) ..........................................................8

*Kirsch v. Fleet St., Ltd.*,
    148 F.3d 149 (2d Cir. 1998)..................................................................................4

*Murray v. TXU Corp.*,
    2005 WL 1356444 (N.D. Tex. June 7, 2005) ........................................................7

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*,
    414 U.S. 453 (1974)..............................................................................................7

*Osorio v. Source Enters., Inc.*,
    2007 WL 683985 (S.D.N.Y. Mar. 2, 2007) ........................................................13

*Padilla v. Metro-N. Commuter R.R.*,
    92 F.3d 117 (2d Cir. 1996) ............................................................................... 14

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir. 1996) .................................................................................. 2

*Peele v. N.Y.C. Dep't of Soc. Servs./Human Res. Admin.*,
    1995 WL 110085 (S.D.N.Y. Mar. 14, 1995) ...................................................... 5

*Perez v. Conn. Dep't of Corr. Parole Div.*,
    2013 WL 4760955 (D. Conn. Sept. 4, 2013) ...................................................... 4

*Perez v. Progenics Pharm., Inc.*,
    204 F. Supp. 3d 528 (S.D.N.Y. 2016) ................................................................. 4

*Press v. Concord Mortg. Corp.*,
    2009 WL 6758998 (S.D.N.Y. Dec. 7, 2009) ..................................................... 10

*Press v. Concord Mortg. Corp.*,
    2010 WL 3199684 (S.D.N.Y. Aug. 11, 2010) ................................................... 10

*Raimondo v. AMAX, Inc.*,
    843 F. Supp. 806 (D. Conn. 1994) .................................................................... 17

*Rao v. N.Y.C. Health & Hosps. Corp.*,
    882 F. Supp. 321 (S.D.N.Y. 1995) ..................................................................... 4

*Raymond v. Boehringer Ingelheim Pharm., Inc.*,
    653 F. Supp. 2d 151 (D. Conn. 2009) ............................................................... 18

*Reed v. A.W. Lawrence & Co.*,
    95 F.3d 1170 (2d Cir. 1996) ............................................................................. 13

*Revella v. Kohl's Dep't Stores, Inc.*,
    439 F. App'x 18 (2d Cir. 2011) .......................................................................... 6

*Rhinehimer v. U.S. Bancorp Invs., Inc.*,
    2013 WL 9235344 (E.D. Ky. Oct. 4, 2013) ....................................................... 7

*Rivera v. Baccarat, Inc.*,
    34 F. Supp. 2d 870 (S.D.N.Y. 1999) ............................................................ 8, 15

*Robinson v. Metro-N. Commuter R.R. Co.*,
    267 F.3d 147 (2d Cir. 2001) ............................................................................... 3

*Roniger v. McCall*,
    2000 WL 1191078 (S.D.N.Y. Aug. 22, 2000) .................................................... 5

*Schmidt v. Levi Strauss & Co.*,
    621 F. Supp. 2d 796 (N.D. Cal. 2008) ...................................................................3

*Schonfeld v. Hilliard*,
    218 F.3d 164 (2d Cir. 2000)...............................................................................15

*Shorter v. Hartford Fin. Servs. Grp., Inc.*,
    2005 WL 2234507 (D. Conn. May 31, 2005)......................................................11

*Skidmore v. ACI Worldwide, Inc.*,
    2010 WL 2900113 (D. Neb. July 20, 2010) ..........................................................3

*Speedy, Inc. v. L & P Graphics, Inc.*,
    957 F.2d 1033 (2d Cir. 1992)...............................................................................16

*Starr Int'l Co. v. Am. Int'l Grp., Inc.*,
    623 F. Supp. 2d 497 (S.D.N.Y. 2009)....................................................................5

*Sure-Tan, Inc. v. N.L.R.B.*,
    467 U.S. 883 (1984)..............................................................................................16

*Thomas v. iStar Fin., Inc.*,
    508 F. Supp. 2d 252 (S.D.N.Y. 2007)..................................................................10

*Todaro v. Siegel Fenchel & Peddy, P.C.*,
    2009 WL 3150408 (E.D.N.Y. Sept. 25, 2009) ......................................................5

*Transamerica Mortg. Advisors, Inc. v. Lewis*,
    444 U.S. 11 (1979)..................................................................................................7

*United States v. Paredes*,
    176 F. Supp. 2d 192 (S.D.N.Y. 2001)....................................................................2

*Van Asdale v. Int'l Game Tech.*,
    2010 WL 1490349 (D. Nev. Apr. 13, 2010)...........................................................3

*Wadler v. Bio-Rad Labs., Inc.*,
    2017 WL 1910057 (N.D. Cal. May 10, 2017) .......................................................7

*Walton v. Nova Info. Sys.*,
    514 F. Supp. 2d 1031 (E.D. Tenn. 2007)............................................................3, 7

*Wat Bey v. City of N.Y.*,
    2013 WL 12082743 (S.D.N.Y. Sept. 4, 2013).......................................................5

*Whittlesey v. Union Carbide Corp.*,
    742 F.2d 724 (2d Cir. 1984).............................................................................9, 14

*Willis v. Comcast of Or. II, Inc.*,
    2007 WL 3170987 (D. Or. Oct. 25, 2007) ............................................................8

*Xu-Shen Zhou v. State Univ. of N.Y. Inst. of Tech.*,
    4 F. Supp. 3d 404 (N.D.N.Y. 2014) ...............................................................10

*Zwick v. Inteliquent, Inc.*,
    83 F. Supp. 3d 804 (N.D. Ill. 2015) ...............................................................8

**Statute**

18 U.S.C. § 1514A ............................................................................1, 7, 8

**Rules**

Fed. R. Civ. P. 39(c)(1) ...................................................................2, 4

Fed. R. Civ. P. 39(c)(2) ...................................................................4

Fed. R. Evid. 401 ...........................................................................2

Fed. R. Evid. 403 ...........................................................................2

## INTRODUCTION

Defendants UBS AG and UBS Securities LLC (collectively, "UBS") respectfully submit this memorandum in support of their motion in limine to limit the arguments and evidence presented to the jury on the issue of monetary remedies, and to limit the jury's consideration of front pay and back pay to rendering an advisory verdict.

Plaintiff Trevor Murray is bringing a claim of unlawful retaliation under the Sarbanes-Oxley Act.  *See* 18 U.S.C. § 1514A.  As remedies, he seeks reinstatement, back pay from the time of his termination through the verdict, front pay from the verdict through age 66 (twenty years), punitive damages, and "compensatory damages," including emotional distress damages. *See* Joint Pretrial Order at Secs. 10.[1]

Both back pay and front pay are equitable in character for purposes of resolution at trial; accordingly, the jury cannot reach a binding verdict on those issues absent UBS's consent— which it does not provide.  UBS consents to back pay and front pay being considered by the jury for the purpose of rendering an advisory verdict only.

Further, in considering monetary damages, the jury should not hear evidence or argument for remedies that are legally unavailable, including punitive damages, more than four years of front pay, and lost wages based on speculation about promotions, pay raises, or bonuses.[2]

---

[1] UBS addresses reinstatement as a remedy in a separate motion in limine.  UBS does not waive any arguments to any other type of remedy Plaintiff currently requests or may request in the future.

[2] UBS attempted in good faith to meet and confer with Plaintiff regarding the subject matter of the instant motion.  Plaintiff to date has not provided his position on this or any of the proposed motions in limine, necessitating the instant motion.

## LEGAL STANDARD

Courts may exclude evidence that is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001), and they may do so in ruling on a motion in limine. *Highland Capital Mgmt. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine."). Indeed, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Id.* at 176 (alteration original) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence should nonetheless be excluded if any "probative value is substantially outweighed by a danger of," among other things, "confusing the issues, misleading the jury, undue delay," or "wasting time." Fed. R. Evid. 403.

## ARGUMENT

For purposes of resolution at trial, back pay and front pay under the Sarbanes-Oxley Act are both equitable remedies. Accordingly, there is no right to a binding jury verdict on those issues, and UBS does not consent to submitting those questions to the jury for a binding decision. UBS does consent to allow the jury to issue an *advisory* verdict on the appropriate amount of front and back pay—in the event it finds UBS liable. *See* Fed. R. Civ. P. 39(c)(1).

The evidence and argument allowed on monetary damages must be limited to remedies that are legally permissible, and thus must exclude unduly speculative evidence relating to alleged lost wages. Plaintiff should not be permitted to present argument or evidence on punitive

damages; more than four years of front pay; or lost pay based on speculative bonuses, promotions, or pay raises.

**I.**    **Plaintiff  Has No Right to a Jury Trial on the Equitable Remedies of Front Pay and Back Pay, and UBS Consents Only to an Advisory Jury Verdict on Those Issues**

A party has no right to a binding jury determination of a matter of equity without the other party's consent.  *Chevron Corp. v. Donziger*, 2013 WL 5526287, at *2 n.12 (S.D.N.Y. Oct. 7, 2013) (citing *Fitzgerald v. U.S. Lines Co.*, 306 F.2d 461, 469-70, 478 (2d Cir. 1962) (en banc)).  And the Second Circuit has conclusively answered the question of whether lost wages are a question for the jury or the judge:  "Because a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not *entitled* to a jury determination on the question."  *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005); *see also Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 157 (2d Cir. 2001) ("[B]ack pay and front pay have historically been recognized as equitable relief.").

Back pay and front pay damages in the Sarbanes-Oxley Act context are no exception to this general rule.  Courts have repeatedly considered the judge-or-jury question and held that back pay "does not give rise to the right to a jury trial."  *Skidmore v. ACI Worldwide, Inc.*, 2010 WL 2900113, at *2 (D. Neb. July 20, 2010) (surveying cases); *see also, e.g.*, *Van Asdale v. Int'l Game Tech.*, 2010 WL 1490349, at *5 (D. Nev. Apr. 13, 2010), *aff'd*, 549 F. App'x 611 (9th Cir. 2013); *Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1034 (E.D. Tenn. 2007) (same); *Schmidt v. Levi Strauss & Co.*, 621 F. Supp. 2d 796, 805-06 (N.D. Cal. 2008) (same).

There is an open question whether front pay is available at all under Sarbanes-Oxley's anti-retaliation provision.  At least one court has found it is not, striking claims for "future earnings and benefits" because they are not included in the Sarbanes-Oxley Act's exclusive "list of damages [which] is clearly restitutional in nature."  *Hemphill v. Celanese Corp.*, 2009 WL

2949759, at *5 (N.D. Tex. Sept. 14, 2009).  Even assuming front pay is available under the

Sarbanes-Oxley Act, a front pay award, like back pay, has no attendant right to a jury

determination.  *See, e.g.*, *Perez v. Progenics Pharm., Inc.*, 204 F. Supp. 3d 528, 551-52

(S.D.N.Y. 2016) (court awarded front pay as equitable relief after jury verdict under the

Sarbanes-Oxley Act); *see also Broadnax*, 415 F.3d at 271 ("[F]ront pay . . . is an equitable

remedy," [and] "a party is generally not *entitled* to a jury determination on the question.");

*Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 169 (2d Cir. 1998) ("The question of whether front pay

should be awarded . . . is one as to which the parties ha[ve] no right to a jury trial."); *Perez v.

Conn. Dep't of Corr. Parole Div.*, 2013 WL 4760955, at *7 (D. Conn. Sept. 4, 2013) ("[F]ront

pay . . . is a purely equitable remedy that does not trigger a . . . plaintiff's jury right."); *Rao v.

N.Y.C. Health & Hosps. Corp.*, 882 F. Supp. 321, 331 (S.D.N.Y. 1995) ("Front pay is an

equitable remedy that may be awarded in the court's discretion.").

When, as here, the issue is not "triable as of right," "the Second Circuit has held that a

trial court may not permit a jury to decide [it] . . . unless all parties consent" under Federal Rule

of Civil Procedure 39(c)(2).  *Chevron Corp.*, 2013 WL 5526287, at *2 n.12 (citing *Fitzgerald*,

306 F.2d at 469-70, 478); *see also Broadnax*, 415 F.3d at 271-72 (concluding court may submit

back pay claim "for a non-advisory jury determination" only if one party so requests and the

opposing party fails to object); Fed. R. Civ. P. 39(c)(2) (allowing, by consent, jury trial with "the

same effect as if a jury trial had been a matter of right").

UBS does not consent to a binding jury determination of the back pay and front pay

issues.  Rather, UBS requests and consents to an *advisory* jury verdict on front pay and back pay,

pursuant to Federal Rule of Civil Procedure 39(c)(1).  *See, e.g.*, *Dymskaya v. Orem's Diner of

Wilton, Inc.*, 2015 WL 1038394, at *8 (D. Conn. Mar. 10, 2015) (advisory back-pay jury verdict

based on defense request); *Wat Bey v. City of N.Y.*, 2013 WL 12082743, at *21 (S.D.N.Y. Sept. 4, 2013) (front pay verdict was advisory because party objected to binding jury verdict), *aff'd sub nom. Rivera v. City of N.Y*, 594 F. App'x 2 (2d Cir. 2014); *Todaro v. Siegel Fenchel & Peddy, P.C.*, 2009 WL 3150408, at *4 (E.D.N.Y. Sept. 25, 2009) (back pay verdict advisory absent consent); *Howell v. New Haven Bd. of Educ.*, 2005 WL 2179582, at *7 (D. Conn. Sept. 8, 2005) (same as to front pay).

This is precisely the type of case in which the use of an advisory jury verdict on back pay and front pay is appropriate:  "[E]fficiency will be facilitated [because] the Court will not be required to address issues concerning which evidence may be heard by the jury and which may not," and because the jury and non-jury questions "are overlapping, . . . it can be expected that the jury would hear much of the evidence in any case." *Roniger v. McCall*, 2000 WL 1191078, at *6 (S.D.N.Y. Aug. 22, 2000).  Indeed, it would disrupt the flow of the trial—and likely lengthen it—to attempt to segregate out evidence and testimony that is exclusively relevant to the appropriateness or amount of back and front pay.  *See also, e.g., Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009) (using advisory jury "to maximize efficiency and convenience," "expedite matters for the jury and the Court," and "make the jury's task easier" because "factual issues are common to both the" jury and non-jury claims); *Peele v. N.Y.C. Dep't of Soc. Servs./Human Res. Admin.*, 1995 WL 110085, at *5 (S.D.N.Y. Mar. 14, 1995) (use of advisory jury "particularly appropriate" because the "jury will already be empanelled to hear" another claim with "overlapping" facts).

For these reasons, back pay and front pay damages can only be presented to the jury for the purpose of rendering an advisory verdict.

## II.     The Court Should Exclude Evidence and Argument on Monetary Remedies That Are Unavailable As a Matter of Law

In the course of considering an advisory verdict on back and front pay, the jury should not be allowed to hear or consider evidence or argument for damages that, as a matter of law, are simply unavailable.  This includes punitive damages, more than four years of front pay, and lost wages based on speculation about promotions, pay raises, or bonuses.

Because these damages are legally unavailable, they are properly excluded from evidence.  *See, e.g.*, *Revella v. Kohl's Dep't Stores, Inc.*, 439 F. App'x 18, 20 (2d Cir. 2011) (affirming order excluding evidence of front pay damages as "unduly speculative"); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 612-13 (S.D.N.Y. 2008) (granting motion in limine when it was "abundantly clear that [p]unitive damages are not available" under the statute at issue (quotation omitted)); *EMI Music Mktg. v. Avatar Records*, *Inc.*, 334 F. Supp. 2d 442, 444 (S.D.N.Y. 2004) (similar).

### A.     The Court Should Bar Argument and Evidence Relating to Punitive Damages, Which Are Not Available Under the Sarbanes-Oxley Act

Courts overwhelmingly agree that because the Sarbanes-Oxley Act does not enumerate punitive damages as among the types of relief a plaintiff may seek, they are not available. Plaintiff nonetheless seeks them.  *See* Joint Pretrial Order at Sec. 10.5.  But because they are not available as a matter of law, the jury should not be presented with argument for or evidence on punitive damages.

The damages provision of the Sarbanes-Oxley Act's anti-retaliation provision provides:

(1) In general.—
An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.
(2) Compensatory damages.—Relief for any action under paragraph (1) shall include—
    (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
    (B) the amount of back pay, with interest; and

> (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18 U.S.C. § 1514A(c).

Punitive damages are not a form of "[c]ompensatory damages" or any other type of relief enumerated in the statute, and are thus unavailable:  "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be wary of reading others into it." *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979); *see also Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

For this reason, district courts overwhelmingly agree that "punitive damages . . . are not available under Section 1514A" of the Sarbanes-Oxley Act. *Hemphill*, 2009 WL 2949759, at *5; *see also Wadler v. Bio-Rad Labs., Inc.*, 2017 WL 1910057, at *5 (N.D. Cal. May 10, 2017) (allowing punitive damages only for separate state law claim); *Walton*, 514 F. Supp. 2d at 1035 (striking demand for punitive damages); *Murray v. TXU Corp.*, 2005 WL 1356444, at *4 (N.D. Tex. June 7, 2005) (finding omission "unequivocal" and that the statute "clear[ly]" does not permit punitive damages); *Rhinehimer v. U.S. Bancorp Invs., Inc.*, 2013 WL 9235344 (E.D. Ky. Oct. 4, 2013) (approved jury instruction explaining that punitive damages are unavailable).

And "even assuming some ambiguity resides [in the statute], congressional history would point to *not* allowing a claim for punitive damages under the Act." *Murray*, 2005 WL 1356444, at *4.  As another court explained after a careful examination of the issue, "the original draft of the remedies provision of section 1514A provided explicitly for punitive damages," but "subsequent drafts removed that language, providing force that such terms no longer applied."

*Id.*  "[W]hen Congress removes terms from a draft of a statute, more reason exists to enforce the statute as actually enacted." *Id.*[3]

The Court accordingly should bar evidence and argument regarding punitive damages.

**B.    The Court Should Exclude Argument and Evidence For More Than Four Years of Front Pay Because a Longer Award Is Improper As a Matter of Law**

Plaintiff seeks twenty years of front pay—through his projected retirement at age 66.  *See* Joint Pretrial Order at Sec. 10.2.  However, he should be precluded from requesting more than four years of front pay, which would nearly reach the tenth anniversary of his separation from UBS.  It is simply unreasonable to assume that Plaintiff would have kept his job at UBS for more than a few years, especially in light ████████████████████, the frequency of job shifts in the financial industry, and the likelihood of restructuring and layoffs that would have eliminated his job at some other point in the future.  Accordingly, argument and evidence relating to more than four years of front pay should be excluded.

"It is well settled that front pay should not be awarded where the calculation method is unduly speculative."  *Esterquest v. Booz-Allen & Hamilton, Inc.*, 2003 WL 21673630, at *3 (S.D.N.Y. July 17, 2003) (citing *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 159 (2d Cir. 1992)).  Simply put, "under no circumstances can the award be based on undue speculation." *Rivera v. Baccarat, Inc.*, 34 F. Supp. 2d 870, 878 (S.D.N.Y. 1999) (citation omitted).

---

[3]  Indeed, the language and legislative history of § 1514A are so clear on this issue—and the tide of cases disallowing punitive damages under the Sarbanes-Oxley Act is so overwhelming—that many plaintiffs simply concede that the statute does not permit them to pursue punitive damages.  *See, e.g.*, *Zwick v. Inteliquent, Inc.*, 83 F. Supp. 3d 804, 809 (N.D. Ill. 2015) (noting plaintiff's concession that the statute does not permit punitive damages); *Jones v. Home Fed. Bank*, 2010 WL 255856, at *5 (D. Idaho Jan. 14, 2010) ("Plaintiff concedes that punitive damages are not allowed under SOX."); *Willis v. Comcast of Or. II, Inc.*, 2007 WL 3170987, at *2 (D. Or. Oct. 25, 2007) (similar); *Hanna v. WCI Cmtys., Inc.*, 348 F. Supp. 2d 1332, 1333 (S.D. Fla. 2004) (similar).

Anything beyond four years of front pay in this case (in which *back* pay would itself cover almost six years) is clearly "unduly speculative" and unavailable as a matter of law. *Dunlap-McCuller*, 980 F.2d at 159.  Courts routinely find that more than one to two years of front pay is inherently and unacceptably speculative "simply by virtue of the . . . period" requested—including in the financial sector.  *Bonura v. Chase Manhattan Bank, N.A.*, 629 F. Supp. 353, 362 n.3 (S.D.N.Y. 1986) (denying front pay for eleven and sixteen years—through retirement—requested by former credit factoring professionals); *see also, e.g.*, *Chisholm v. Memorial Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 577 (S.D.N.Y. 2011) (limiting front pay to two years because any longer would be too speculative); *Hill v. Airborne Freight Corp.*, 2003 WL 366641, at *5 (E.D.N.Y. Feb. 20, 2003) (citing cases limiting front pay to approximately one year); *Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc.*, 2002 WL 1059117, at *11 (S.D.N.Y. May 28, 2002) (finding more than one year of front pay "unreasonable and unduly speculative" even in difficult economy).

Calculating front pay is an inherently speculative task that requires complex projections about worklife expectancy, job prospects, health, and economic conditions (nationwide, state, and of the original employer).  These projections become increasingly—and untenably—speculative as the duration of requested front pay increases.  Accordingly, courts rarely permit awards for front pay to extend beyond one or two years—let alone the *20 years* Plaintiff seeks here, covering the period through his projected retirement.

Moreover, front pay must be limited to the period in which "the plaintiff has *no reasonable prospect* of obtaining comparable alternative employment" as a result of the defendants' conduct.  *Chisolm v. Liberty Lines Transit Inc.*, 2013 WL 452408, at *6 (S.D.N.Y. Feb. 6, 2013) (emphasis added) (quoting *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729

9

(2d Cir. 1984)).  It would not be reasonable to conclude that Plaintiff has "no reasonable prospect" of comparable employment, and will not for the next two decades. ███████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

        Courts regularly refuse these sorts of invitations to suspend common sense and assume a plaintiff will never be employed again.  For example, another court in this District concluded that it was "simply too speculative to allow" front pay for more than "one, or at the most two years" for a 47-year old with "significant work experience in the accounting field."  *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 260-61 (S.D.N.Y. 2007).  Another similar decision from this District denied five years of requested front pay (through retirement) for a former "Branch Chief Information Officer and Senior Mortgage and Financial Services Consultant," *Press v. Concord Mortg. Corp.*, 2009 WL 6758998, at *2 (S.D.N.Y. Dec. 7, 2009), because he had "not adequately explain[ed] why he would be unable to find work in the mortgage and financial sector" during that period, 2010 WL 3199684, at *2 (S.D.N.Y. Aug. 11, 2010).  There is no shortage of such cases.  *See also, e.g., Xu-Shen Zhou v. State Univ. of N.Y. Inst. of Tech.*, 4 F. Supp. 3d 404, 422 (N.D.N.Y. 2014) (denying request for front pay in addition to six years of back pay when plaintiff had a "reasonable prospect of obtaining comparable employment, given his education and experience"), *vacated and remanded on other grounds*, 592 F. App'x 41 (2d Cir. 2015);

*Howell*, 2005 WL 2179582, at *8 (finding no "reasoned basis for assessing 21 years of front pay" because it was "unduly speculative"); *Shorter v. Hartford Fin. Servs. Grp., Inc.*, 2005 WL 2234507, at *4 n.10 (D. Conn. May 31, 2005) (denying twenty-seven years of front pay (through retirement) because "it is far too speculative" to assume a young plaintiff with a college degree "will never be able to find" a comparable IT job); *Frank v. Relin*, 851 F. Supp. 87, 95 (W.D.N.Y. 1994) (denying front pay for "remaining work expectancy, twenty years" as "speculative, unwarranted and excessive").

In fact, as noted above,  This further undercuts his claim for twenty years of front pay through retirement. *See, e.g.*, *Bonura*, 629 F. Supp. at 362 n.3 (denying front pay because that plaintiff's "success in the short term in setting up a consulting business within the [relevant] field negates the argument that [he] should receive front pay because he has no reasonable prospects for engaging in alternative employment comparable to his former activities").

The nature of the financial-services industry and UBS's finances in particular further underscore why it is "unduly speculative" to assume that Plaintiff would have remained with UBS for another twenty years, until retirement. It is not an industry that "provides relatively steady and dependable employment," but rather is a "fickle" one. *Buckley v. Reynolds Metals Co.*, 690 F. Supp. 211, 216-17 (S.D.N.Y. 1988) (quotation omitted). Plaintiff expressly agreed

with the statement that ███████████████████████████████████

████████████████████████████████████████████████████

    Indeed, UBS itself, and particularly its Fixed Income division where Plaintiff worked, has

seen significant headcount reduction subsequent to Plaintiff's separation.  For example, on

October 30, 2012, UBS announced that as part of a "significan[t] reshaping" of the Investment

Bank, "in 2015 UBS expects its headcount to be around 54,000 compared with approximately

64,000 today."  Levin Decl., Ex. 3 (UBS AG, Form 6-K ("UBS Announces Strategic

Acceleration From A Position Of Strength") at 1, 2 (Oct. 30, 2012)).  A presentation on the same

day noted that as part of its new strategy, UBS would undertake a "[s]ignificant reduction in

FICC/FICC-related businesses."  Levin Decl., Ex. 4 (UBS AG, Form 6-K ("Third Quarter 2012

Results & Strategy Update") 29 (Oct. 30, 2012)).[4] ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

    Courts will not award front pay on the premise that a position will simply continue to

exist indefinitely, and it would be particularly unreasonable to do so here, when Plaintiff's actual

---

[4] The Court can take judicial notice of the SEC filings.  *Garcia v. Bill Me Later, Inc.*, 2015 WL 4578613, at *4 n.3 (S.D.N.Y. July 28, 2015) ("The Second Circuit has also held it proper for district courts to consider facts contained within SEC filings.").

position has not existed since he was laid off almost six years ago.  Indeed, courts have regularly

refused to make such assumptions in the face of "financial instability" at the employer,

*Greenbaum v. Svenska Handelsbanken, N.Y.*, 979 F. Supp. 973, 988 (S.D.N.Y. 1997) (refusing to

award any front pay), and beyond the point at which the employee would have "been out of a job

in any event."  *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1182 (2d Cir. 1996); *see also*

*Johnson v. Strive E. Harlem Emp't Grp.*, 990 F. Supp. 2d 435, 456 (S.D.N.Y. 2014) (holding that

"[w]ith no evidence as to how [defendant] would be able to make up [a budgetary] shortfall over

the long term, Plaintiff has not proved that she would have stayed employed [there] for longer

than an additional year"); *Osorio v. Source Enters., Inc.*, 2007 WL 683985, at *6 n.4 (S.D.N.Y.

Mar. 2, 2007) (factoring employer's "financial difficulties" into decision to limit front pay to five

years)*.*  UBS fits that mold, and it unreasonable to believe that Plaintiff would have continued to

be employed there on this ground alone.  For example, UBS AG recorded a 2.511 billion CHF

loss for 2012 (roughly $2.7 billion), and the Investment Bank division recorded a pre-tax losses

of CHF 2.734 billion in 2012 (roughly $3 billion) and CHF 631 million in 2011 (roughly $670

million).  Levin Decl., Ex. 8 (UBS AG, Form 20-F at 4, 108 (Mar. 14, 2013)).

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

██

The rare cases in which courts award front pay through retirement involve entirely different types of workers.  They are typically much closer to retirement, have long histories of employment with the defendant, have reasonable expectations of remaining with the employer through retirement, and/or have minimal education and non-transferrable skills.  For example, the Second Circuit has approved of twenty years of front pay for a firefighter plaintiff with "limited" "educational background" and "vocational experience," *Broadnax v. City of New Haven*, 141 F. App'x 18, 22-23 (2d Cir. 2005), and in the similarly "unique circumstances" of a demoted union-member plaintiff with "only a high school education," "unique and narrowly focused skills," and experience "confined primarily to serving as a dispatcher and a supervisor of dispatchers in the railroad industry."  *Padilla v. Metro-N. Commuter R.R.*, 92 F.3d 117, 126 (2d Cir. 1996).  And in *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir. 1984), the Second Circuit approved of four years of front pay through employer's mandatory retirement age because that "did not involve some of the uncertainties which might surround a front pay award to a younger worker."  *See also Buckley*, 690 F. Supp. at 216 (awarding a *total* of nine years of lost wages from termination (back pay and front pay *combined*) because plaintiff had a twenty-five year tenure with the defendant and was only nine years away from retirement).

Under these circumstances, it is simply unreasonable to assume that Plaintiff would have remained at UBS for another twenty years, when his ███████████ industry trends, and UBS's own hiring and layoff patterns point in the exact opposite direction.  It does not "fal[l] within the scope of permissible speculation to assume that absent the [challenged] discharge, plaintiff

would have been able to remain at [UBS] until he planned to retire"—twenty years in the future. *Buckley*, 690 F. Supp. at 216.  That is twenty years "or more during which [Plaintiff], had he not been . . . discharged but continued in his employment, might or might not [have gotten] raises [or] reductions, [or been] fired or incapacitated."  *Id.* (quotation omitted)[5]

Because it is "not relevant to any issue before the jury," the Court should exclude argument and evidence for more than four years of front pay.  *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011); *Buchwald v. Renco Grp.*, 539 B.R. 31, 56 (S.D.N.Y. 2015) (evidence must be "relevant to *the jury's task*" (emphasis added)), *aff'd sub nom. Matter of Magnesium Corp. of Am.*, 682 F. App'x 24 (2d Cir. 2017).  In addition to being irrelevant, it would also be unduly speculative and prejudicial to UBS, and simply a waste of the jury's time.

### C.    Arguments and Evidence Based on Hypothetical Promotions, Pay Raises or Bonuses Should Be Excluded As Irrelevant To Any Legally Permissible Award

Finally, and for similar reasons, the Court should also exclude any argument or evidence relating to monetary damages based on speculative assumptions of bonuses, raises, and promotions.  *See* Joint Pretrial Order at Secs. 10.1, 10.2 (seeking lost pay including bonuses and raises based on "3% growth rate").  Because there is no credible basis for establishing that Plaintiff would have received any bonus or raise had he remained at UBS, relying on any such speculation would violate the basic rule that "under no circumstances can the award [of lost pay] be based on undue speculation."  *Rivera*, 34 F. Supp. 2d at 878 (citation omitted).

Any damages must be established with reasonable certainty.  *See Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000) ("[D]amages may not be merely speculative, possible or

---

[5]  For these reasons, there is a serious question whether any front pay is available *at all*—but certainly the duration requested here goes well beyond what any advisory verdict could properly render.

imaginary." (quotation omitted)); *Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d

Cir. 1992) ("[A] claimant must present evidence that provides the finder of fact with a reasonable

basis upon which to calculate the amount of damages").  Similarly, an award of back pay must

be "sufficiently tailored" to remedy "only the actual . . . consequences of unfair labor practices."

*Sure-Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 900 (1984).  Here, any evidence relating to damages

based on pay raises or bonuses that Plaintiff allegedly would have received but for his alleged

protected activity should be excluded as unduly speculative.

 *First*, bonuses at UBS are entirely discretionary.



*See, e.g.*, Levin Decl., Ex. 10

(UBS_TMurray_013301) (report explaining that the "bonus pool for 2011 is . . . 40% lower than

it was for 2010"); Levin Decl., Ex. 11 (UBS Group AG, Compensation Report 2016, at 9)

(noting 17% reduction in performance award pool compared to 2015).

 Courts have considered comparable scenarios—in which bonuses are "not mandatory,"

the plaintiff had only received bonuses intermittently, and current employees have received

"only small bonuses"—and concluded that any "calculation of a lost bonus award would be purely speculative and inappropriate." *Raimondo v. AMAX, Inc.*, 843 F. Supp. 806, 808-10 (D. Conn. 1994); *see also Bonura*, 629 F. Supp. at 361 ("declin[ing] to engage in such rear-view fortunetelling" about "entirely speculative" bonuses).

*Second*, pay raises at UBS are also entirely discretionary. 

Therefore, there is simply no basis to assume either would happen, let alone to assume an a 3% pay increase every year for the next two decades. *See* Joint Pretrial Order at Secs. 10.1, 10.2. Any notion of a future promotion (and corresponding pay raise) is particularly unwarranted here in light of the fact

Courts calculating lost pay—back or front—refuse to engage in the speculation that would be involved in compensating a plaintiff for purely theoretical pay raises, and this Court should follow suit. Thus, courts have declined to assume a plaintiff "would have received steady pay raises" based on past raises. *Dominic v. Consol. Edison Co. of N.Y.*, 822 F.2d 1249, 1258 (2d Cir. 1987). That is especially true when there are "many indications that if plaintiff had remained with [employer] his salary would not have continued to increase at the historical rate," such as when the size of the business unit has been "reduced . . . markedly" and the "remaining

[employees] have not in recent years been receiving wage increases anywhere near plaintiff's historical rate." *Buckley*, 690 F. Supp. at 217-18 (awarding lost pay based on last actual salary). And unlike the *Dominic* and *Buckley* litigants, Plaintiff does not even have a history of *any* actual past raises on which to rely. *See also Raymond v. Boehringer Ingelheim Pharm., Inc.*, 653 F. Supp. 2d 151, 157 (D. Conn. 2009) ("Back pay includes those benefits and bonuses which would have *naturally accrued* to him" (emphasis added)); *Francoeur v. Corroon & Black Co.*, 552 F. Supp. 403, 414 (S.D.N.Y. 1982) (excluding "salary increases [plaintiff] claims she would have been awarded").

 To rely on unsubstantiated and unrealistic assertions about bonuses, pay raises, and promotions would run directly afoul of the prohibition on using a "calculation method [that] is unduly speculative" to calculate lost pay. *Esterquest*, 2003 WL 21673630, at *3 (citing *Dunlap-McCuller*, 980 F.2d at 159). It is impermissible, and the Court should prevent such arguments and evidence from being presented to the jury.

## CONCLUSION

 For the above stated reasons, the Court should limit the jury's role in lost pay awards to rendering an advisory verdict; should exclude argument and evidence for punitive damages or more than four years of front pay; and exclude argument or evidence utilizing the prospect of promotions, pay raises, or bonuses in calculating any monetary award.

      Respectfully submitted,

Dated: November 6, 2017    GIBSON, DUNN & CRUTCHER LLP

        By:  /s/ Gabrielle Levin      
          Gabrielle Levin
          200 Park Avenue, 48th Floor
          New York, New York 10166
          Telephone:  212.351.3901
          Facsimile:  212.351.5301

Daniel P. Chung
1050 Connecticut Ave., NW
Washington, District of Columbia 20036
Telephone:  202.887.3729
Facsimile:  202.530.9639

*Attorneys for Defendants*