# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

Client: 93292-00135

December 19, 2017

VIA ECF

The Honorable Katherine Polk Failla
United States District Court
  for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:    Murray v. UBS Securities LLC and UBS AG, Case No. 14 Civ. 0927 (KPF)

Dear Judge Failla:

We represent defendants UBS Securities LLC and UBS AG (collectively, "UBS") in the above-referenced action.  We write to note Defendants' continuing objection to the "contributing factor" standard articulated in the jury instructions Your Honor circulated this evening.

The charge presently instructs the jury as follows:

> For a protected activity to be a contributing factor, it must have either alone, or in combination with other factors, tended to affect in any way UBS's decision to terminate Plaintiff's employment.

Jury Charge at p. 21.  Defendants respectfully submit that further precision is required to avoid the possibility of a verdict for Plaintiff that is founded on an incorrect view of the law.

There are two problems with the current language.  First, the word "tended" is vague, imprecise, and potentially misleading to a jury.  The pertinent question under the statute is what effect the protected activity *actually* had—what impact it had.  To a layperson, asking what something "tended to" do stops short, in a potentially prejudicial way, of asking what it actually did.

Second, it is not enough for protected activity to "affect" a termination decision.  Instead, Plaintiff must prove that the protected activity affected the termination decision so as to bring it about—to cause it.  It need not be the sole or dominant cause, but it must be *a* cause. Under the Court's current formulation, something that "affect[ed]" the decision in *any w*ay— even a positive way, by deferring consideration, or by tipping the scales (albeit insufficiently) *against* termination—could mistakenly be made the basis of a liability finding.  This is clearly incorrect as a matter of law, as the Sarbanes-Oxley Act ultimately requires that the a plaintiff's discharge be "because of" protected activity.  18 U.S.C. § 1514A(a).

**GIBSON DUNN**

Hon. Katherine Polk Failla
December 19, 2017
Page 2

There are various non-retaliatory ways in which protected activity might "tend to affect" a termination decision, as demonstrated by the testimony at trial. The former Global Head of Human Resources for UBS's FICC division testified that an employee raising concerns about unlawful activity would "affect" a termination decision-making process in a manner that was *favorable* for the employee. *See* Montanaro Testimony, Trial Tr. 917:22-918-8 ("Q: . . . [I]f the employee had been discriminated against or had complained about discrimination, you knew you couldn't fire that person; isn't that right? . . . A: If I were made aware of any sort of claim or harassment, whatever it may be, we would immediately look into that, and investigate, and probably hold off on a termination of the employment until the investigation had been completed . . . I can't say today whether or not we would have allowed the termination to proceed or not, depending upon what that claim was."). Plainly, the fact that the employee's protected activity "tended to affect" his separation in this way should not give rise to liability. But the current charge could be misconstrued to have that meaning and effect.

The case law supports UBS's proposed approach. As the Federal Circuit explained in *Marano*, the case from which the current charge language is ultimately derived, what the standard means is that an adverse decision "may be taken 'because of' or 'as a result of' many different factors, only one of which must be a protected disclosure and *a* contributing factor to the personnel action." *Marano v. Dep't of Justice*, 2 F.3d 1137, 1140 (Fed. Cir. 1993) (emphasis original); *see also Leshinksy v. Telvent GIT, S.A.*, 942 F. Supp. 2d 432, 449 (2013) (citing *Marano*). Or, as the Administrative Review Board explained in adopting the *Marano* standard, what a complainant must establish is that the "protected activity contributed *in part* to the unfavorable personnel action," not the decision-making process overall. *Matter of Klopfenstein*, 2006 WL 1788436 (Dep't of Labor Admin. Review Bd. May 31, 2006) (emphasis original).

Under this case law, Plaintiff must show that the protected activity actually *contributed* to the *decision to terminate*—i.e. moved the needle *toward* termination. Thus, the Court should add additional language to the charge that explains that "contributing factor" means "caused or helped cause the termination," or, alternatively, was "one cause of the termination."

Thank you for your careful consideration of these issues.

Respectfully,

/s/ Gabrielle Levin
Gabrielle Levin

cc:  Counsel of record (via ECF)