**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Gabrielle Levin
Direct: +1 212.351.3901
Fax: +1 212.351.5301
GLevin@gibsondunn.com

Client: 93292-00135

December 19, 2017

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
  for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:  <u>Murray v. UBS Securities LLC and UBS AG, Case No. 14 Civ. 0927 (KPF)</u>

Dear Judge Failla:

We represent defendants UBS Securities LLC and UBS AG (collectively, "UBS") in the above-referenced action.  We write regarding the proposed verdict form that Your Honor circulated this evening.

1.  Plaintiff has requested that Question 2 be amended to state as follows:  "Has UBS proved, by clear and convincing evidence, that it would have terminated Mr. Murray's employment in February 2012 even if he had not engaged in protected activity."  Defendants do not oppose including a timeframe, as Plaintiff has proposed, but believe that the language inserted should be "in or around February 2012," in order to accurately match the jury instructions.

2.  Defendants respectfully that Questions 3(b) and 3(c) be modified to make clear that the amount of money that Plaintiff did earn, or could have earned, through appropriate mitigation efforts must be excluded from any back pay award.  The proposed verdict forms submitted by both parties in this case contemplated instructing the jury that the amount of money that Plaintiff could have earned through mitigation should be deducted from any back pay award.

Additionally, Defendants ask that the italicized instructions that follow Question 3(a) be modified to indicate that if the jury answers "No" to Question 3(a), they should proceed to Question 5.  This amendment is appropriate because it necessarily follows from the conclusion that Plaintiff has not proved entitlement to any back pay that he is also not entitled to any front pay.

3.  With respect to Question 4, Defendants are concerned that framing the question in terms of whether Plaintiff has "failed to mitigate his front pay damages" will cause confusion since front pay damages are prospective and cover the period *after* the date of the verdict—Plaintiff obviously has not yet undertaken any post-verdict mitigation efforts.  Defendants submit that the jury should be instructed to deduct from any front pay award the amount of money that it determines Plaintiff would have earned through appropriate mitigation efforts.

**GIBSON DUNN**

Hon. Katherine Polk Failla
December 19, 2017
Page 2

Thank you for your careful consideration of these issues.

Respectfully,

/s/ Gabrielle Levin
Gabrielle Levin