Law Offices
# HERBST LAW PLLC

May 28, 2025

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY  10007

   Re: <u>Murray v. UBS Securities LLC, et al.</u>
      14-CV-927 (KPF)

Dear Judge Failla:

  We are co-counsel for Trevor Murray and write to inform Your Honor that the Second Circuit has denied rehearing en banc, and issued a mandate late last week decreeing that "the judgment of the district court is vacated, and the matter is remanded for further proceedings consistent with this Court's opinion."  As explained further below, we write to request that Your Honor schedule a conference to discuss the scope of "further proceedings consistent with" the Second Circuit's opinion.

  We note that the current mandate is quite different from the mandate the Second Circuit issued on September 26, 2022, which decreed that "the jury's verdict is vacated and the cause is remanded to the district court for a new trial." We do not believe this is a distinction without a difference.

  The panel majority's only remaining concern with the liability verdict is the jury instruction on the fourth element of plaintiff's burden: that Mr. Murray's protected activity was a contributing factor in his discharge. Slip. Op. 2. Accordingly, we respectfully suggest that the "further proceedings" on liability mandated by the Second Circuit be limited to the contributing factor issue: whether Mr. Murray's whistleblowing "contribute[d] to his termination by making it more likely," Slip. op. 4, thereby "help[ing to] bring about" his termination. Slip. op. 12.

  If this understanding of the mandate is correct, and we think it is, the first three elements of plaintiff's case burden – that (1) Mr. Murray's complaints to his supervisor, Mr. Schumacher, actually occurred and constituted protected activity, (2) UBS knew of the protected activity, and (3) the termination constituted adverse action – are established and should not be retried.  Also established is the jury's finding at step 2 of the burden-shifting framework, unchallenged on appeal, that UBS would not have fired Mr. Murray in the absence of his protected activity.

  Rule 59(a) of the Federal Rules of Civil Procedure grants a district court the authority to hold a new trial on "all or part of the issues . . . in an action in which there has been a trial by jury."

**420 Lexington Avenue, Suite 300 • New York, New York 10170**
**646-543-2354 • fax (888) 482-4676**

Law Offices
**HERBST LAW PLLC**

> Where a jury has reached a verdict on one issue of fact, the Seventh Amendment "does not compel a new trial of that issue even though another and separable issue must be tried again." *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); *see also Crane v. Consol. Rail Corp.*, 731 F.2d 1042, 1050 (2d Cir. 1984) ("[E]rror with respect to one issue will ordinarily not constitute reason to retry an issue that was separately determined."). That said, "a partial new trial 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir. 1983) (quoting *Gasoline Products Co.*, 283 U.S. at 500, 51 S. Ct. 513).

*Cammeby's Management Company, LLC v. Alliant Ins. Services,* 720 Fed. Appx. 18, 23 (2d Cir. 2017). *Accord, Liriano v. Hobart Corp.*, 170 F.3d 264 (2d Cir. 1999) (affirming limited purpose retrial "even when the issues are related"; "a judge need not infer jury error on a given issue merely because she finds jury error on a related issue.").

The only error identified by the Circuit Court is expressly tied solely to one particular element of the underlying claims – contributing factor – and therefore may be readily cabined from the other elements established by the first jury's verdict. *See, e.g., East Tex. Med. Ctr. Reg'l Healthcare Sys. V. Lexington Ins. Co.,* 575 F.3d 520, 532 (5th Cir. 2009) (ordering limited retrial only on issues on which reversal was granted where "[a] new trial on the prejudice issues alone would not be unfair to any party").

The contributing factor issue is distinct and separable from all the other issues in the case and can therefore be determined alone at a retrial without injustice. Indeed, the panel majority's decision explicitly recognizes the distinctions between the contributing factor issue at step 1 and UBS's burden at step 2 of SOX's burden-shifting framework:

> Murray says the erroneous instruction is irrelevant because UBS failed to escape liability at step two of the SOX burden shifting framework. But this overlooks the different causation standards and burdens of proof at SOX steps one and two. Here, at step two, the jury did not find clear and convincing evidence that UBS would have terminated Murry regardless of his whistleblowing. But that does not mean that at step one, the jury found by a preponderance of the evidence that whistleblowing was a contributing factor in Murray's termination.

Slip Op. 18. Because the error identified by the panel majority stems solely from an instructional error on contributing factor and had nothing to do with the evidence or jury instructions on any of the other issues, that instructional error necessitating retrial does not affect the first jury's determinations on the other issues. Accordingly, a limited purpose retrial limited to the contributing factor element is warranted.

Law Offices
# HERBST LAW PLLC

      We therefore respectfully request a conference at which the scope of the retrial might be discussed and resolved. An early resolution of that issue may well assist the parties in assessing their options going forward, for example, further litigation or settlement.

                                    Respectfully yours,

                                    /s/ Robert L. Herbst

                                  Robert L. Herbst
                                  *Counsel for Trevor Murray*

cc: All Counsel via ECF