**GIBSON DUNN**

Anna M. McKenzie
Of Counsel
T: +1 202.955.8210
M: +1 202.213.0743
amckenzie@gibsondunn.com

June 6, 2025

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *Murray v. UBS Securities LLC, et al.*, No. 14-CV-927 (KPF)

Dear Judge Failla:

We represent UBS Securities LLC and UBS AG (collectively, "UBS") in this case. We write in opposition to Plaintiff's May 28 request to limit the scope of any retrial to just one of the four elements that Plaintiff bears the burden of proving to establish his whistleblower retaliation claim under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A.

For the reasons set forth below, UBS respectfully submits that it is premature for this Court to take up the question of the scope of a retrial. UBS accordingly requests that the Court postpone the conference scheduled for June 10. If the Court does proceed to address Plaintiff's request, the request should be denied.[*]

This case went to trial in late 2017. The jury concluded that Plaintiff had proved, by a preponderance of the evidence, all four elements of his SOX claim, and that UBS had not proved, by clear and convincing evidence, that it would have terminated Plaintiff's employment in or about February 2012 even if he had not engaged in protected activity. *See* ECF No. 250. Appeals ensued, with the Second Circuit Court of Appeals issuing two opinions, the first of which was reversed by the United States Supreme Court, *see Murray v. UBS Sec. LLC*, 43 F.4th 254 (2d Cir. 2022); *Murray v. UBS Sec., LLC*, 601 U.S. 23 (2024), and the second of which resulted in the vacatur of this Court's judgment and the case being remanded to this Court for "further proceedings consistent with [the] opinion," *see Murray v. UBS Sec., LLC*, 128 F.4th 363, 366 (2d Cir. 2025). In its most recent opinion, which issued on February 10, the Second Circuit held that the Court's contributing factor instruction was erroneous and that because of this error, "'a new trial is warranted.'" *Id.* at 372 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 554-55 (2d Cir. 1996)).

Plaintiff now contends that retrial should be "limited to the contributing factor issue." ECF No. 411 at 2.

As an initial matter, it is premature to determine the scope of retrial. Based on a meet and confer with Plaintiff's counsel on June 3, it is our understanding that Plaintiff has not yet decided whether to seek Supreme Court review of the Second Circuit's decision. It would be a waste of this Court's time and resources to determine the scope of the retrial required by the Second Circuit decision when Plaintiff may yet ask the Supreme Court to reverse that decision. UBS thus respectfully

---

[*] Gibson Dunn attorney Daniel Chung is unable to attend next week's conference due to an unavoidable professional conflict. UBS will be represented at the conference by undersigned counsel Anna McKenzie and Andrew Kilberg.

**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.  |  Washington, D.C. 20036-4504  |  T: 202.955.8500  |  F: 202.467.0539  |  gibsondunn.com

**GIBSON DUNN**

submits that the Court should postpone the conference scheduled for June 10 until the time has passed for Plaintiff to petition for certiorari or, if Plaintiff does file a cert. petition, until the conclusion of proceedings in the Supreme Court.

In any event, Plaintiff concedes in his May 28 letter that partial retrial is appropriate on remand only where "'it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir. 1983) (quoting *Gasoline Prods. Co.*, 283 U.S. at 500, 51 S. Ct. 513)); *see also Akermanis v. Sea-Land Serv., Inc.*, 688 F.2d 898, 907 (2d Cir. 1982) ("[T]he District Judge also has discretion to retry all the liability issues, if he concludes that a trial limited to [one issue] would not, on balance, be fair to the parties."). By contrast, "a partial retrial is . . . not warranted where an examination of the facts of a particular case reveals that an issue erroneously decided is inextricably interwoven with other issues in the case." *Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 531 (2d Cir. 1992). In evaluating whether issues are "interwoven," courts focus on whether determination of the issues requires evaluating the same facts. *See id.* at 531.

To prevail on his SOX whistleblower retaliation claim, Plaintiff bears the burden of showing that (1) he engaged in protected activity; (2) the relevant UBS decisionmaker(s) knew that he engaged in protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in that personnel action. *See Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 447 (2d Cir. 2013). Under SOX's burden-shifting framework, if Plaintiff meets his burden of proving these "step one" elements, the burden shifts to UBS to establish at "step two," by clear and convincing evidence, that it would have terminated Plaintiff's employment regardless of his purported whistleblowing. *Id.*

It is hardly "clear[]" that the contributing factor element of Plaintiff's claim can be tried in isolation from the other elements of his claim at step one and from UBS's affirmative defense at step two. *Bohack*, 715 F.2d at 709. With respect to step one—where Plaintiff bears the burden—assessing whether his protected activity "contribute[d] to his termination by making it more likely," *Murray*, 128 F.4th at 366, necessarily involves understanding what specific protected activity Plaintiff engaged in and who at UBS had knowledge of that activity and what role if any that person or persons had in Plaintiff's separation. The evidence required to try the contributing factor element is "interwoven" with the evidence regarding the other elements on which Plaintiff bears the burden. *Brooks*, 958 F.2d at 531.

Even if the elements could be neatly separated for purposes of trial, "we have no way of knowing what the jury found at step one." *Murray*, 128 F.4th at 373. The jury verdict form asked simply: "Has Mr. Murray proved, by a preponderance of the evidence, all four elements of his claim under Section 1514A of the Sarbanes-Oxley Act." ECF No. 250. The jury was not asked to provide specific findings for each element. There is thus no way for a new jury to resolve the contributing factor element without also considering the evidence relevant to the protected activity and knowledge elements of Plaintiff's claim. *See Brooks*, 958 F.2d at 531.

Nor can step two of SOX's burden-shifting framework be cleanly disentangled from retrial of the contributing factor element of step one. The evidence on which UBS will rely to show that Plaintiff's protected activity did not contribute to the termination decision overlaps to a large degree with the evidence it presented to support its defense that it would have terminated Plaintiff's

**GIBSON DUNN**

employment even if he had not engaged in protected activity. UBS terminated Plaintiff's employment as part of a reduction-in-force necessitated by significant financial difficulties. That fact supports UBS's affirmative defense at step two. It also provides critical context to understanding whether any protected activity by Plaintiff made his termination "more likely." *Murray*, 128 F.4th at 366.

Simply, the questions whether Plaintiff's claimed protected activity contributed to his separation, and whether he would have been separated regardless, both concern causation (and implicitly, intent)—they are the quintessence of "interwoven" issues. And partly for this reason, instructing a new jury that UBS would *not* have terminated Plaintiff's employment if he had *not* engaged in protected activity would be highly prejudicial to UBS on the contributing factor element; it also would present a substantial risk of jury "confusion and uncertainty." *Gasoline Prods. Co.*, 283 U.S. at 500.

The cases Plaintiff cites do not support his view that the contributing factor element may be "readily cabined from the other elements established by the first jury's verdict." ECF No. 411 at 3 (citing *Liriano v. Hobart Corp.*, 170 F.3d 264 (2d Cir. 1999); *East Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co.*, 575 F.3d 520, 532 (5th Cir. 2009)). Neither of those cases required a court to consider the scope of retrial where, as here, resolution of one issue necessarily required analysis of facts relevant to other issues. Instead, in *Liriano*, the court affirmed an order granting retrial on the *plaintiff's* comparative negligence, finding that the district court did not err by declining to also order retrial of the allocation of fault between *defendants*. 170 F.3d at 272. "[T]he facts of a given case" might require the questions be retried together, the court said, but because the latter finding was "amply supported by the record," the district court needed only retry the former. *Id.*; *cf.* this Court's Op. & Order at 16-17, ECF No. 383 (noting that this case was "one of the closest the Court has ever observed"). Similarly, the court in *Lexington* remanded for retrial on an issue that did not require analyzing the same facts as other issues; the court ordered retrial on whether a failure to provide prompt notice prejudiced the plaintiff, and not on the factually distinct question of whether notice was required in the first instance. 575 F.3d at 532. Neither case involved issues, as here, where the answer to one depends on the factual determinations underlying the other.

Finally, the language of the Second Circuit's mandate does not compel the limited retrial Plaintiff seeks. The mandate directs "further proceedings consistent with [the Second Circuit's] opinion." ECF No. 410. Mandates broadly remanding for "further proceedings" do not inherently limit the issues open for consideration on remand. *See United States v. Bryce*, 287 F.3d 249, 253 (2d Cir. 2002) (finding mandate permitted *de novo* sentencing of criminal defendant where mandate did not "specifically limit[] the scope of the resentencing"); *see also Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014) ("[W]e simply vacated the judgment and remanded 'for further proceedings,' leaving it to the district court to determine how the case ought to proceed."). Nor is it material that the Second Circuit's first decision specifically remanded "for a new trial." ECF 395. Plaintiff himself seeks "a new trial."

For these reasons, if the Court does not postpone consideration of the scope of retrial until the conclusion of any further Supreme Court proceedings, UBS respectfully requests that the Court order retrial on all issues regarding liability, including all the elements of Plaintiff's claim at step one and UBS's affirmative defense at step two.

**GIBSON DUNN**

Respectfully submitted,

/s/ Anna M. McKenzie
Anna M. McKenzie

cc: Eugene Scalia, Esq.
 Daniel P. Chung, Esq.
 Andrew G.I. Kilberg, Esq.
 Robert L. Herbst, Esq.
 Robert B. Stulberg, Esq.