UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR MURRAY,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>UBS SECURITIES, LLC and UBS AG,<br><br>                    Defendants. | 14 Civ. 927 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed the parties' submissions concerning the scope of a retrial. (Dkt. #430, 433, 434). After careful consideration, the Court will order a full, and not a partial, retrial.

To begin, the Court finds some merit in Defendants' argument that the Second Circuit's most recent decision in this matter, *Murray* v. *UBS Sec., LLC*, 128 F.4th 363 (2d Cir. 2025) ("*Murray II*"), *cert. denied*, 223 L. Ed. 2d 241 (Nov. 24, 2025), forecloses a partial retrial in this case. To be sure, after vacating the judgment in this case, the Court "remand[ed] for further proceedings consistent with this opinion," without specifying whether those further proceedings would include a full, or a partial, retrial. *Id.* at 373. That said, the majority opinion made plain its view that a new trial was necessary because of the identified error in jury instructions. *Id.* at 367 (recounting prior history, in which the Court found that because of a different error in the jury instructions, "a new trial was necessary"; this finding was later reversed by the Supreme Court); *id.* at 372 (rejecting claim that erroneous instruction on contributing factor element was harmless error: "[W]here jury instructions create an erroneous

impression regarding the standard of liability, it is not harmless error because it goes directly to plaintiff's claim, and a new trial is warranted." (internal citations omitted)).

Even setting aside the *Murray II* majority's rather obvious preference, this Court believes that a full retrial is the only fair way to proceed. Stated simply, the Court does not share Plaintiff's confidence that the one-element retrial he proposes will result in a streamlined presentation of the evidence or a workable framework for the jury. Beginning with the former, the Court agrees with Defendants that much of the evidence that Plaintiff identifies as probative of the protected activity, knowledge of protected activity, and unfavorable termination elements of his Sarbanes-Oxley Act retaliation claim is also directly relevant to the contributing factor element and the affirmative defense, or is necessary background information to those other components of his claim. Plaintiff's proposed one-element retrial will thus not result in a marked reduction in evidence or trial time.

Of greater concern to the Court is the potential for jury confusion in a one-element retrial. Indeed, the Court believes that Plaintiff's proposal can only result in prejudice to Defendants. As Plaintiff notes, it is sometimes the case that parties will stipulate to an element of a claim, or that motion practice may result in a court instructing a jury that a particular element has been satisfied. Here, however, Plaintiff proposes that the Court (i) instruct a jury that three of four elements of Plaintiff's claim, as well as the sole affirmative defense, have already been resolved in Plaintiff's favor in "prior proceedings,"

2

or, worse yet, (ii) refrain from instructing the jury on an element or the affirmative defense at all.  But for substantially the reasons argued by the defense (Dkt. #433 at 4-6), the Court rejects Plaintiff's arguments that Defendants somehow forfeited or waived their ability to present evidence concerning — much less to contest — the elements of Plaintiff's claim other than the contributory factor element.  What is more, the Court is appropriately concerned that asking the jury to perform either type of "mental gymnastics," *In re Sims*, 534 F.3d 117, 130 (2d Cir. 2008), will render them unable to follow the Court's instructions.  The Court likewise shares Defendants' concern that the jury will be "predisposed to find for Plaintiff if it knows that a prior jury already found in Plaintiff's favor on central elements of his claim." (Dkt. #433 at 8 n.3).

Ultimately, the Court concludes that the elements of Plaintiff's claim (and of Defendants' affirmative defense), and the factual support for each, are so intertwined that a one-element retrial in this case is logistically and legally impracticable.  Accordingly, it ORDERS a full retrial.  At the most recent conference in this matter, the Court advised the parties that it has availability for trial during the period of June 8-26, 2026.  The parties are directed to meet and confer regarding their availability, and to submit a joint letter to the Court on or before **February 27, 2026**, regarding same.  Separately, if the parties are interested in exploring alternative resolutions of the case, they should advise the Court in that same letter.

Finally, given the Court's disposition of the parties' dispute over the scope of the retrial, it does not resolve here Plaintiff's arguments concerning jury instructions in light of *Ziparo* v. *CSX Transportation, Inc.*, 160 F.4th 314 (2d Cir. 2025).

SO ORDERED.

Dated:  February 19, 2026
        New York, New York

                                          _____
                                          KATHERINE POLK FAILLA
                                          United States District Judge